YALE JEWELRY COMPANY v. J. A. JOYNER.

(Filed 9 October, 1912.)

**Vendor and Vendee—Sales Upon Commission—Gambling Device— Illegal Consideration—Action in Assumpsit.**

One who has consigned goods to another for sale upon commission may recover the unsold consignment and his share of the proceeds of the sale of the goods thereunder from the consignee, irrespective of the question as to whether a gambling

device was to be used, and actually used, in the sales thus made, the title of the goods remaining in the consignor; for the plaintiff may maintain his action on the case upon the ground that an *indebitatus* has been created from which an *assumpsit* has arisen.

APPEAL by plaintiff from *Carter, J.,* at August Term, 1912, of LENOIR.

Civil action. A jury trial was waived, and the court found the facts, which are sufficiently stated in the opinion of *Mr. Justice Brown.* The Superior Court rendered judgment for defendant, and the plaintiff appealed.

*G. V. Cowper for plaintiff.*
*G. G. Moore for defendant.*

BROWN, J. The plaintiff shipped to the defendant a "pull board," together with a quantity of jewelry, razors, etc., on consignment, under a contract by which the title to all the property remained in the plaintiff. The defendant agreed to sell the same for 20 per cent commission, the proceeds of sale to be kept separate from the defendant's other funds, and remitted to the plaintiff, less the commission.

The plaintiff brings this action to recover the unsold merchandise and $50 net proceeds of the sale.

The court gave judgment for the plaintiff for the merchandise and held that the pull board was a species of lottery or gambling device, to facilitate the sale of the goods, and that plaintiff was not entitled to recover the net proceeds of sales in defendant's hands. The plaintiff excepted to the latter ruling.

It is unnecessary more particularly to describe the pull board or to discuss the question as to whether its operation constitutes a lottery or gambling scheme within the definition given in *S. v. Perry,* 154 N. C., 621. We assume, for the sake of argument, that it does.

This is not an action by the plaintiff against a purchaser to recover the purchase price of goods obtained by means of the pull board from its agent, the defendant, but an action to recover the goods in specie and the proceeds of sales from the plaintiff's own agent.

Under the contract, neither the title to the goods nor to the proceeds of sale ever vested in the defendant. On the contrary, the contract specifically requires that they be kept separate and apart from the defendant's property.

In our opinion, the plaintiff has as much right to recover the proceeds of sale as the specific goods.

The leading and oldest case on the subject is *Terrant v. Elliott,* 1 Bos. and P., 3, in which it is held that, A having received money from C to the use of B on an illegal contract between B and C, shall not be allowed to set up the illegality of the contract as a defense in an action brought by B for money had and received. In that case *Eyre, C. J.,* said: "The question is, whether he who has received money to another's use on an illegal contract can be allowed to retain it, and that not even at the desire of those who paid it to him. I think he cannot."

In *Farmer v. Russell,* 1 Bos. and P., 296, *Buller, J.,* said: "When it appeared that the agent had received the money to the plaintiff's use, it was immaterial whether the money was paid on a legal or illegal contract."

The principle upon which the plaintiff's right to recover of his agent is recognized rests upon the ground that an *indebitatus* is created, from which an *assumpsit* in law arises, and on that an action on the case may be maintained.

The purchaser had the undoubted right to waive the illegality of the transaction and pay the money, and when once paid to the seller, either directly or to his use to a third person, the money cannot be recalled and the third person cannot be permitted to retain it. *Lemon v. Grasskoff,* 99 Am. Dec., Notes, p. 62.

A case very similar to this is to be found in Vermont, *Baldwin v. Potter,* 46 Vt., 403, in which it is held that a sales agent must account to his principal for money received in the course of his agency, although the sale as between principal and purchaser be illegal and void.

See, also, *Wilson v. Owen,* 30 Mich., 475; *Woodworth v. Bennett,* 43 N. Y., 275.

Another reason given in some cases is that it is contrary to good policy and morals to permit an agent to retain the property of his principal, although it may be employed in an illegal business under the agent's control.

As is said in 9 Cyc., page 558, "No considerations of public policy can justify a lowering of the standard of moral honesty required of persons in those relations."

The general subject is fully discussed in *Electrova Co. v. Insurance Co.,* 156 N. C., 237, and *Cotton Press v. Insurance Co.,* 151 U. S., 368.

There are a large number of cases cited in the notes sustaining these views.

The plaintiff is entitled to judgment upon the facts found for the $50, as well as the goods.

Error.