AREY DISTILLING COMPANY v. MUTUAL AID BANKING COMPANY ET AL.

(Filed 17 September, 1913.)

**Intoxicating Liquors—Principal and Agent—Moneys Collected—Action.**

Where it appears that the plaintiff, a nonresident, has sold intoxicating liquors in this State, and has sent drafts on the purchaser to the defendant for collection, the latter may not resist recovery of the moneys he has collected for the former upon the ground that the sales were immoral and contrary to our law.

APPEAL by plaintiff from *Long, J.*, at February Term, 1913, of BEAUFORT.

Civil action tried upon this issue: "What part of the amount collected and received by the defendants to the use of the plaintiff has defendant failed to account for and pay over to the plaintiff? Answer: $108.05."

Upon this trial before the jury, plaintiff offered the witness E. A. Allenach, who testified:

"I was bookkeeper for D. L. Arey Distilling Company, but am not with them now. The total amount of drafts sent by plaintiff to defendant in this case amount to $11,105.50. Of that amount, including such drafts as defendant returned, the sum of $10,528.45 was remitted or accounted for; the difference between the two items being $577.05. These transactions occurred in 1910. I have been through and over the drafts and bills which were introduced in evidence before the referee, and they show a balance due by defendants to plaintiff of $518.05. This amount does not correspond with the amount

shown in the other statement, for the reason that it did not include the draft on J. W. Stallings and New Bern Pottery Company. The balance due by defendants to plaintiff is $577.-05."

Plaintiff also offered in evidence the drafts and statements referred to by the witness. No other evidence was introduced by plaintiff or defendant.

Plaintiff requested the court to charge the jury that if they found the facts to be as testified to, that they should answer the issue $577.05, with interest. The court declined to give this instruction, and the plaintiff excepted and appealed.

*Small, MacLean & Bryan for the plaintiff.*
*No counsel for the defendant.*

BROWN, J. The plaintiff, a manufacturer of distilled whiskeys, located in the city of Baltimore, Maryland, shipped whiskey to parties living in the city of New Bern, N. C., and sent drafts with bills of lading attached to the defendant in New Bern for collection.

This suit was brought by plaintiff to recover from the defendants the balance of the money which they had collected but not remitted to plaintiff.

A compulsory reference was ordered at the May Term, 1911, to which plaintiff excepted, and to the report of the referee plaintiff again excepted and demanded a jury trial. The referee reported that defendants had in their hands a balance due plaintiff of $108.55, but that plaintiff could not recover same because the transaction was immoral.

Upon the trial in the Superior Court, plaintiff offered evidence that the total amount of drafts sent by plaintiff to defendants was $11,105.50, of which $10,528.45, including drafts returned, was remitted or accounted for, leaving a balance due of $577.05. This evidence was not controverted or denied in any way.

The testimony of Allenach, the only witness introduced, was not even attempted to be impeached by cross-examination.

His Honor erred in refusing the prayer.

It is immaterial that the drafts collected by defendant bank for plaintiff as its agent were drawn on persons to whom plaintiff had shipped liquor.

The defendant was not so highly moral that it refused to collect and receive such money. Having collected it, the law will not allow the defendant to appropriate it to its own use. *S. v. Fisher,* 162 N. C., 550; *Jewelry Co. v. Joyner,* 159 N. C., 644. This subject is fully discussed in this last case, and the leading authorities are collected and cited, universally holding, in the language of *Justice Buller* in *Farmer v. Russell,* 1. Bos. and P., 296: "When it appeared that the agent had received money to the plaintiff's use, it is immaterial whether the money was paid on a legal or illegal contract."

New trial.