S. R. HOLLEMAN v. E. S. TAYLOR AND RAWLS-DICKSON CANDY COMPANY.

(Filed 15 April, 1931.)

1. **Master and Servant A a—Relation of master and servant is founded on contract giving master right to direct method and end of work.**

The relation of master and servant arises out of contract and contemplates the master's right to prescribe the end and to direct the means and

method of doing the work, while in the case of a factor the agent is given possession of goods with authority to sell in his own name without disclosing the name of the principal or the fact of agency.

**2. Master and Servant D a—Defendant held entitled to more specific charge as to distinction between employer and principal.**

Where, in an action against the owner of goods to recover for negligent injury inflicted by an alleged employee while distributing the goods to purchasers by automobile, there is evidence that the owner had consigned the goods to the one inflicting the injury, and did not have any control of or interest in the means of travel used by him, and was not liable for his negligent act: *Held*, an instruction failing to sufficiently charge the jury as to the distinction between master and servant· and principal and agent or factor, entitles the owner to a new trial.

APPEAL by Rawls-Dickson Candy Company from *Clement, J.,* at November Term, 1930, of FORSYTH. New trial.

This is an action for the recovery of damages for injury to the plaintiff's automobile resulting from its collision with a car driven by the defendant Taylor. The collision occurred at the intersection of Glenn and Twenty-fifth streets in the city of Winston-Salem. The defendants filed separate answers denying liability and pleading contributory negligence, Taylor setting up also a cross-action against the plaintiff. The issues were answered in favor of the plaintiff and judgment was rendered against both defendants.

The plaintiff alleged that Taylor was employed by the Rawls-Dickson Candy Company to sell and distribute its goods, and at the time of the collision was acting as its servant or agent within the scope of his employment. The defendants contended that Taylor sold the goods on consignment and not in the capacity of agent or servant.

The court charged the jury that the relation of agency existed between the two defendants and that if Taylor was negligent the Rawls-Dickson Candy Company also was negligent; that is, if Taylor was liable in damages the Rawls-Dickson Company would also be liable. The appellant excepted.

*Manly, Hendren & Womble for appellant, Rawls-Dickson Candy Company.*

*J. M. Wells, Jr., John C. Wallace and L. L. Wall for plaintiff, appellee.*

ADAMS, J. The trial court was indefinite in explaining to the jury the distinction between the relation of master and servant and that of principal and agent or factor. The former relation arises out of a contract of employment between a master or employer and a servant or employee, and usually contemplates the employer's right both to prescribe the end and to direct the means and methods of doing the work.

In a specific sense a servant is one who represents the will of the master, not only in the ultimate result of the work, but in the details by which the result is accomplished. True, the law of principal and agent is an expansion of the law of master and servant, and in certain cases the distinction between the two is of slight importance. In other cases the distinction is decisive of legal rights. For example, a factor is an agent, but he is not deemed to be a servant within the range of the technical relation of master and servant. In pursuance of his business or trade he receives goods from his principal and sells them for a compensation called factorage or commission. *Winslow v. Staton,* 150 N. C., 264. The title may be in the principal, but the peculiarity of the transaction is that the owner places the goods in the hands of the agent or factor with authority to sell in his own name without disclosing the agency or the name of the principal. 11 R. C. L., 753; *Jewelry Co. v. Joyner,* 159 N. C., 644.

In the present case the jury under instructions on this point might reasonably have found from the evidence that the Rawls-Dickson Candy Company had consigned the goods to Taylor as a factor and was interested only in the collection of the price at which the goods were consigned; that the company did not own or have any interest in the car driven by Taylor; that it had nothing to do with Taylor's means of travel; and that it was not liable to the plaintiff for damages arising out of his negligence at the time of the collision. On these questions the appellant was entitled to more specific instructions. *Jeffrey v. Man. Co.,* 197 N. C., 725; *Martin v. Bus Line, ibid.,* 720.

New trial. ·