STATE OF NORTH CAROLINA v. LLOYD ALFRED CANIPE

No. 8213SC1217

(Filed 20 September 1983)

1. Criminal Law § 138— evidence used to prove aggravating factors different from evidence used to prove crime—improper to use same evidence to prove two aggravating factors

   In a prosecution for larceny by an employee, it was proper for the trial court to use the value of the items taken to prove an aggravating factor since the value of the property was not necessary to prove an element of the crime of larceny by an employee; however, it was not proper for the trial court to use the value of the property stolen to prove more than one aggravating factor. G.S. 15A-1340.4(1) and G.S. 14-74.

2. Criminal Law § 138— sentencing hearing—prior conviction—no indication defendant indigent or represented by counsel

   The trial court erred in finding as an aggravating factor that the defendant had a prior conviction of driving under the influence of some intoxicating beverage, which was punishable by more than 60 days confinement, since the trial court did not determine whether the defendant was indigent at the prior proceeding, and if so, whether he was represented by counsel or properly waived assistance. G.S. 15A-1340.4(e) and G.S. 15A-980.

APPEAL by defendant from *Preston, Judge.* Judgment entered 1 April 1982 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 1 September 1983.

The defendant was tried on a bill of indictment charging him with larceny by an employee. It was shown at trial that on 30 August 1981, while an employee of Marsh Harbor Golf Club, the defendant took wearing apparel valued at $4,614 from the club's pro shop with the intent to convert it to his own use. The jury found the defendant guilty as charged.

At the sentencing hearing, the State noted that during his testimony at trial the defendant admitted that he had been convicted one time of driving under the influence of some intoxicating beverage, an offense punishable by more than 60 days imprisonment. There was no evidence as to whether he was indigent at that time, whether he was represented by counsel or whether he waived counsel with respect to that prior conviction. The defendant, in turn, offered evidence of his good character and evidence that he had a good reputation in the community.

From this evidence, the court found as aggravating factors: 1) that the offense was committed for hire or pecuniary gain, 2) that the offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband, and 3) that the defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days confinement. As a mitigating factor the court found that the defendant had been a person of good character or had had a good reputation in the community in which he lived.

The offense for which the defendant was charged, larceny by an employee, is a Class H felony, the presumptive prison term for a Class H felony being three years under G.S. 14-74. After weighing the various aggravating and mitigating factors the trial court sentenced the defendant to eight years imprisonment, a sentence from which the defendant appeals.

*Attorney General Rufus L. Edmisten, by Associate Attorney K. Michele Allison, for the State.*

*Walton, Fairley & Jess, by Ray H. Walton and William F. Fairley, for defendant-appellant.*

ARNOLD, Judge.

[1] The defendant first contends that the trial judge improperly considered evidence initially used to prove an element of the crime of larceny by an employee to also prove aggravating factors in violation of G.S. 15A-1340.4(a)(1), which states in part that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation."

In order to prove larceny by an employee it must be proved that: (1) the defendant was an employee of the owner of the stolen items, (2) the articles were taken without the assent of the employer, (3) the defendant embezzled the articles of his employer or converted them to his own use, and (4) the defendant had the intent to steal the articles or to defraud his employer thereof. *See* G.S. 14-74.

The evidence presented by the State to prove the element of larceny by employee was that a fellow employee, after seeing the defendant take assorted pants, coats, hats, sweaters and visors out of the pro shop and put them into the defendant's station wagon, subsequently reported what he had seen to Judy Young, vice-president of Marsh Harbor Golf Club. Young then made an inventory and discovered that merchandise totalling $4,614, including 11 jackets, 25 shirts, 43 pairs of pants, 53 sweaters, 15 sunvisors, and 58 caps, was missing from the shop. Young then alerted the sheriff's department of the theft. The defendant was later arrested, at which time his apartment was searched. During that search two or three pairs of pants and two or three shirts similar to those sold at Marsh Harbor were found. This evidence satisfied the requisite elements of larceny by employee as embodied in G.S. 14-74.

The evidence used by the trial judge to find that two aggravating factors had been proved was the testimony that $4,614 worth of merchandise had been taken from the shop, a fact not necessary to prove the crime of larceny by employee. G.S. 14-74 does not require that the value of the stolen property be established. *State v. Monk*, 36 N.C. App. 337, 244 S.E. 2d 186 (1978). Since the trial judge clearly indicated that he based his finding of aggravating factors on the fact that merchandise valued at $4,614 had been taken, the defendant's first contention is without merit.

The defendant also contends, however, that the trial judge improperly used the same item of evidence to prove more than one aggravating factor in violation of G.S. 15A-1340.4. Evidence that merchandise valued at $4,614 was taken was used to show not only that the offense was committed for pecuniary gain, but also to show that the offense involved the taking of property of great monetary value. Conversely, the State argues that the trial judge's finding that the offense was committed for pecuniary gain was based on the *quantity* of articles taken as *subsumed* by the $4,614 figure, while the finding that the merchandise constituted property of great monetary value went to the *value* of the merchandise as *represented* by that same figure. We agree with the defendant.

At the sentencing hearing, held 1 April 1982, the trial court found that:

[T]he aggravating factor No. 3, the offense was committed for pecuniary gain, applies in that the defendant is convicted of larceny of $4,614 worth of golf visors and other wearing apparel;

Item No. 13 applies in that the offense involved the taking of property of great monetary value, and the Court finds as a fact that $4,614 is great monetary value, and causing great monetary loss to the Marsh Harbor Golf Club. . . .

The State's contention on the one hand that, by referring to $4,614 *worth* of golf apparel, the trial judge considered the quantity of merchandise stolen while, on the other hand, he looked to the value of that merchandise, is basically an attempt to derive two separate items of evidence from what is essentially one fact. We find that the trial court did indeed use a single item of evidence, that golf wear valued at $4,614 was taken from the pro shop, to prove more than one aggravating factor in violation of G.S. 15A-1340.4.

In the recent case of *State v. Ahearn,* the Supreme Court of North Carolina held that "in every case in which it is found that the trial judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing." 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983). In light of the Court's decision, we are compelled to order that this case be remanded for a new sentencing hearing. Moreover, the trial court will want to take notice of the fact that G.S. 15A-1340.4(a)(1)(c) has been amended so that a finding of "pecuniary gain" is no longer to be considered an aggravating factor. The statute now reads as follows:

"c. The defendant was hired or paid to commit the offense." (Amended 15 March 1983.)

There is no evidence that this defendant was hired or paid to take the golf apparel from the Marsh Harbor Golf Club.

[2] According to defendant the trial court further improperly found as an aggravating factor that the defendant had a prior conviction of driving under the influence of some intoxicating beverage, which is punishable by more than 60 days confinement. The defendant relies on the language of G.S. 15A-1340.4(e) which

states in part: "No prior conviction which occurred while the defendant was indigent may be considered in sentencing unless the defendant was represented by counsel or waived counsel with respect to that prior conviction. A defendant may make a motion to suppress evidence of a prior conviction pursuant to Article 53 of this Chapter."

There was no evidence offered at trial, however, as to whether the defendant was indigent or represented by counsel when convicted of this prior driving under the influence charge. There was also no evidence that the defendant moved to suppress use of that prior conviction.

Before prior convictions may properly be considered, the trial court must determine whether the defendant was indigent at the prior proceeding, and if so, whether he was represented by counsel or properly waived assistance. *State v. Farmer*, 60 N.C. App. 779, 299 S.E. 2d 842 (1983). This Court has previously considered the question of whether the burden of proving this prior indigency rests with the defendant or with the State. In the recent case of *State v. Thompson*, it was decided that it was up to the State to show that the defendant was not indigent or that he had waived counsel at the time of his prior conviction. 40 N.C. App. 679, 300 S.E. 2d 29 (1983).

While it may be true that the statute precludes prior convictions from being used as aggravating factors unless defendant was afforded his right to counsel, it is just like any other evidence. In his dissent in *State of North Carolina v. Michael R. Massey*, 62 N.C. App. 66, 302 S.E. 2d 262 (1983), Chief Judge Vaughn made this point. If the defendant in this case was indigent and not represented by counsel at his prior conviction, it was his duty to raise the issue in the trial court and not, for the first time, on appeal. The express language of the statute makes that clear:

A defendant may make a motion to suppress evidence of a prior conviction pursuant to Article 53 of this Chapter. If the motion is made for the first time during the sentencing stage of the criminal action, either the State or the defendant is entitled to a continuance of the sentencing hearing.

G.S. 15A-1340.4(e).

This Court is somewhat divided on this question and awaits clarification from our Supreme Court. However, the General Assembly seems to have removed any doubt when it recently enacted legislation putting the burden in fact with the defendant. While this legislation is not effective until 1 October 1983, attention should be called to the statute which reads as follows:

§ 15A-980. *Right to suppress use of certain prior convictions obtained in violation of right to counsel.* — (a) A defendant, has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel if its use by the State is to impeach the defendant or if its use will:

(1) increase the degree of crime of which the defendant would be guilty; or

(2) result in a sentence of imprisonment that otherwise would not be imposed; or

(3) result in a lengthened sentence of imprisonment.

(b) A defendant who has grounds to suppress the use of a conviction in evidence at a trial or other proceeding as set forth in (a) must do so by motion made in accordance with the procedure in this Article. *A defendant waives his right to suppress use of a prior conviction if he does not move to suppress it.*

(c) *When a defendant has moved to suppress use of a prior conviction under the terms of subsection (a), he has the burden of proving by the preponderance of the evidence that the conviction was obtained in violation of his right to counsel.* To prevail, he must prove that at the time of the conviction he was indigent, had no counsel, and had not waived his right to counsel. If the defendant proves that a prior conviction was obtained in violation of his right to counsel, the judge must suppress use of the conviction at trial or in any other proceeding if its use will contravene the provisions of subsection (a). (Effective 1 October 1983.) (Emphasis added.)

Since the defendant in this case must be resentenced, the case is hereby remanded.

Remanded.

Judges WELLS and EAGLES concur in result.