**Deborah M. SALLEY, Plaintiff,**

v.

**PETROLANE, INC.; Tropigas USA, Inc.; Roy R. Shumate, individually and as Agent of Petrolane, Inc. and Tropigas USA, Inc., Defendants.**

**Civ. No. C–C–89–273.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 15, 1991.

**62**

W.R. Loftis, Jr., Petree, Stockton & Robinson, Winston–Salem, N.C., and K. Lewis Alexander, Jr., Alexander & Alexander, Elkin, N.C., for plaintiff.

David A. Irwin and Harly H. Jones, Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., for defendants.

## MEMORANDUM OF OPINION AND ORDER

RICHARD L. VOORHEES, Chief Judge.

By Order of this Court dated December 7, 1989, Chief United States Magistrate Judge J. Toliver Davis was designated to conduct a hearing on pending motions in the captioned civil action and to submit to this Court recommendations for the disposition of these motions.

On August 17, 1990, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed findings of fact and conclusions of law in support of a recommendation regarding Defendants' motions for summary judgment on Plaintiff's following claims: (1) *Quid Pro Quo* Sexual Harassment; (2) Hostile Work Environment; (3) Constructive Discharge; (4) Intentional Infliction of Emotional Distress; (5) Assault and Battery; (6) Negligent Retention; and (7) Punitive Damages. Counsel for the parties were advised that any objections to the Magistrate Judge's findings were to be filed in writing within ten (10) days after service of the Recommendation. The ten-day period was to expire on August 27, 1990, but the time to file objections was extended to September 10, 1990, pursuant to this Court's Order. Order filed Sept. 13, 1990 (Pleading No. 44). Both Plaintiff and Defendants filed objections to the Magistrate Judge's Recommendation, on September 7, 1990, and September 10, 1990, respectively.

After considering the objections filed both parties, the Court finds that only the Defendants' objections pertaining to the Plaintiff's claims of assault and battery and punitive damages against the corporate Defendants (Petrolane, Inc., and Tropi-

gas USA, Inc.) are viable and require further consideration. All other findings of fact and conclusions of law proposed by the Magistrate are proper and supported by both the record and current case law. For the reasons enumerated hereinafter, the Court finds that the corporate Defendants in the instant case should have been dismissed from Plaintiff's state law claims of assault and battery and punitive damages.

██ The Magistrate properly notes that the broad definition of "employer" under 42 U.S.C. § 2000e(b) may render the corporate Defendants liable under Title VII for Defendant Shumate's actions. *See* Memorandum and Recommendation filed Aug. 17, 1990, at 16 (Pleading No. 40). "Common law tort liability, on the other hand, is not powered by the public policy engine of Title VII, but rather is concerned with the proper economic balance of risks and harms in society." *Spencer v. General Electric Co.*, 894 F.2d 651, 657 (4th Cir. 1990). Under North Carolina law, the employer-employee relationship is created by contract, express or implied. *See, e.g., Alliance Co. v. State Hosp. at Butner*, 241 N.C. 329, 85 S.E.2d 386 (1955); *Holleman v. Taylor*, 200 N.C. 618, 158 S.E. 88 (1931). In the instant case, the employment contract was between Plaintiff and the corporate Defendants, and therefore only the corporate Defendants were Plaintiff's employers. *See* Complaint filed June 28, 1989, at 1 (Pleading No. 1). Defendant Shumate served as a branch manager and, as such, was merely a co-employee of Plaintiff. *Id.* To rule otherwise, and impose common law tort liability upon Defendant Shumate as Plaintiff's employer, would be "to extend state law to a point beyond which [North Carolina's] highest court has not taken it." *Spencer*, 894 F.2d at 657 (citing *W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.*, 746 F.2d 215, 218 (3d Cir.1984)). "Such an extension of a state's common law is one that a federal court should not make." *Spencer*, 894 F.2d at 657–58. Hence, the corporate Defendants cannot be liable, under the Title VII definition of "employer" and an exaggerated theory of imputed tort liability via the "co-employment" of Plaintiff by the corporate Defendants and Shumate, for Shumate's alleged tortious acts.

██ Neither will the corporate Defendants be tortiously liable to Plaintiff for the wilful acts of her co-employee Shumate. The Court notes that neither party objected to the Magistrate's proper granting of Defendants' motion for summary judgment as to Plaintiff's negligent retention claim. *See* Memorandum and Recommendation, at 29; Defendants' Objections to Magistrate's Memorandum and Recommendation filed Sept. 10, 1990 (Pleading No. 42); Plaintiff's Objections to Magistrate's Recommendation filed Sept. 7, 1990 (Pleading No. 43). Absent negligence on the part of the employer (the corporate Defendants) in retaining an employee who allegedly engages or has allegedly engaged in wilful, tortious act's (Shumate), with actual or constructive notice of that employee's acts, the employer is not liable for the torts resulting solely from such employee's wilful acts. *See, e.g., Pleasants v. Barnes*, 221 N.C. 173, 19 S.E.2d 627 (1942); *Armstrong v. Acme Spinning Co.*, 205 N.C. 553, 172 S.E. 313 (1934).

██ In addition, the doctrine of *respondeat superior* establishes employer liability for the intentional torts of its agent in only three instances: "(1) when the agent's act is expressly authorized by the principal; (2) when the agent's act is committed within the scope of his employment and in furtherance of the principal's business; or (3) when the agent's act is ratified by the principal." *Hogan v. Forsyth Country Club Co.*, 79 N.C.App. 483, 491, 340 S.E.2d 116, 121, *review den.*, 317 N.C. 334, 346 S.E.2d 140 (1986). It is clear from the record that sexual harassment was neither expressly nor implicitly authorized by the corporate Defendants. *See Clemmons v. Life Ins. Co.*, 274 N.C. 416, 163 S.E.2d 761 (1968). If the alleged sexual harassment actually occurred, such acts were performed by Shumate for his own licentious intent and purpose, thus constituting a departure from the scope of Shumate's employment in frustration of the corporate Defendants' business. *See, e.g., Hogan*, 79 N.C.App. at 492, 340 S.E.2d at 122; *Hoppe*

*v. Deese,* 232 N.C. 698, 61 S.E.2d 903 (1950); *Creech v. National Linen Service Corp.,* 219 N.C. 457, 14 S.E.2d 408 (1941); *McLamb v. Beasley,* 218 N.C. 308, 11 S.E.2d 283 (1940). Finally, there has been no proof of employer ratification, for Plaintiff has failed to prove "that the employer had knowledge of all material facts and circumstances relative to the wrongful act, and that the employer, by words or conduct, shows an intention to ratify the act." *Hogan,* 79 N.C.App. at 492, 340 S.E.2d at 122 (citing *Equipment Co. v. Anders,* 265 N.C. 393, 144 S.E.2d 252 (1965)). The corporate Defendants cannot, therefore, be assigned common law tort liability for Shumate's acts under a theory of *respondeat superior.*

With regard to Plaintiff's claims for punitive damages against the corporate Defendants, North Carolina law imposes punitive damages on a corporation for the tortious conduct of its agent only when the agent is acting within the scope of his employment and in furtherance of the corporation's business. *See, e.g., Hairston v. Atlantic Greyhound Corp.,* 220 N.C. 642, 18 S.E.2d 166 (1942). As stated above, the Title VII definition of "employer" is inapplicable in the common law tort context, and Shumate's alleged acts were neither within the scope of his employment nor in furtherance of the corporate Defendants' business. The Court therefore finds that common law tort liability in North Carolina does not permit the corporate Defendants in the instant case to be held responsible for the alleged acts committed by Defendant Shumate. As such, the Court must grant partial summary judgment for Defendants on Plaintiff's claims for assault and battery and punitive damages, thereby dismissing the corporate Defendants from those causes of action.

In light of the discussion above, and after a *de novo* review of the Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, except for the Magistrate's proposed denial of the corporate Defendants'

motion for summary judgment on Plaintiff's state law claims for assault and battery and punitive damages, the Court hereby accepts the Magistrate's Recommendation.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment as to *Quid Pro Quo* Sexual Harassment be DENIED;

2. Defendants' Motion for Summary Judgment as to Hostile Work Environment be DENIED;

3. Defendants' Motion for Summary Judgment as to Constructive Discharge be ALLOWED;

4. Defendants' Motion for Summary Judgment as to Intentional Infliction of Emotional Distress be ALLOWED;

5. Defendants' Motion for Summary Judgment as to Assault and Battery be ALLOWED in part, and that all of Plaintiff's claims against Defendants Petrolane, Inc., and Tropigas USA, Inc., and Plaintiff's claims against Defendant Shumate, individually and as an agent of Petrolane, Inc., and Tropigas USA, Inc., based on assaults allegedly occurring before February 17, 1988, be DISMISSED;

6. Defendants' Motion for Summary Judgment as to Negligent Retention be ALLOWED; and

7. Defendants' Motion for Summary Judgment as to Punitive Damages be ALLOWED in part, and that Plaintiff's claims against Defendants Petrolane, Inc., and Tropigas USA, Inc., be DISMISSED.