STATE OF NORTH CAROLINA v. CLIFTON FRAZIER

No. COA00-122

(Filed 6 February 2001)

## 1. Larceny— employee—inmate performing mandatory work assignment not an employee

The trial court erred by denying defendant's motion to dismiss the charge of larceny by employee and defendant's conviction of larceny by employee is vacated, because an inmate performing a mandatory work assignment cannot be convicted of larceny by employee when such an inmate is not an "employee" within the meaning of N.C.G.S. § 14-74.

## 2. Sentencing— habitual felon—no underlying felony conviction—charge dismissed

An indictment charging defendant with being an habitual felon is dismissed and his conviction vacated because (1) defendant's conviction for larceny by employee was vacated; and (2) there is no felony conviction to which the habitual felon indictment attaches.

Appeal by defendant from judgment entered on 22 September 1999 by Judge Howard R. Greeson, Jr. in Montgomery County Superior Court. Heard in the Court of Appeals 11 January 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robert Crawford for the State.*

*Russell J. Hollers, III for the Defendant-Appellant.*

THOMAS, Judge.

Clifton Frazier, defendant, was indicted for larceny by employee and found guilty in a jury trial. On appeal, defendant argues *inter*

*alia,* that an inmate performing a mandatory work assignment cannot be convicted of larceny by employee because such an inmate is not an "employee" within the meaning of N.C. Gen. Stat. § 14-74. We agree and, for the reasons discussed herein, reverse defendant's conviction.

The State's evidence tended to show defendant was assigned to work in the prison canteen at Southern Correctional Center in Troy, North Carolina on 30 July 1998. He received $1.00 per day from the State for his work. On 2 November 1998, the canteen supervisor, Donna McRae, while taking inventory, discovered merchandise was missing and reported it to her supervisor, Ralph Coble. Coble and another administrative officer, Jerry Lassiter, investigated and determined the amount of shortage in both money and goods to be $655.75. During an interrogation by Detective Chris Poole, defendant confessed to taking money from the canteen.

Defendant's evidence tended to show he worked at the canteen for over three months without any problems. However, at least one week before the inventory was taken, he realized merchandise was missing and proceeded to fill the merchandise boxes with clothing, paper bags and other materials. Upon discovery of the shortage by prison officials, defendant volunteered to make restitution with his own money when he believed it would amount to $140. Defendant maintained his innocence throughout his testimony and said the shortage was due to his "sloppiness."

The jury returned a verdict of guilty of larceny by an employee. Defendant then pled guilty to being an habitual felon. He was sentenced to 80-105 months to be served at the completion of the sentence he is currently serving. From this conviction, defendant appeals.

[1] By defendant's first assignment of error, he argues the trial court erred in denying defendant's motions to dismiss because there was insufficient evidence to prove every element of larceny by employee.

We agree, and note that this is a case of first impression in North Carolina.

In considering a motion to dismiss, "the question presented is whether the evidence is legally sufficient to support a verdict of guilty on the offense charged, thereby warranting submission of the charge to the jury." *State v. Walston,* 140 N.C. App. 327, 536 S.E.2d 630, 633 (2000) (citing *State v. Thomas,* 65 N.C. App. 539, 541, 309 S.E.2d 564, 566 (1983)). Larceny by employee is statutorily defined:

> If any servant or other employee, to whom any money, goods or other chattels, . . . by his master shall be delivered safely to be kept to the use of his master, shall withdraw himself from his master and go away with such money, goods or other chattels, . . . with intent to steal the same and defraud his master thereof, contrary to the trust and confidence in him reposed by his said master; or if any servant, being in the service of his master, without the assent of the master, shall embezzle such money, goods or other chattels, . . . or otherwise convert the same to his own use, with like purpose to steal them, or to defraud his master thereof, the servant so offending shall be guilty of a felony . . . .

N.C. Gen. Stat. § 14-74 (1999). More concisely, the elements of larceny by employee are: (1) the defendant was an employee of the owner of the stolen goods; (2) the goods were entrusted to the defendant for the use of the employer; (3) the goods were taken without the permission of the employer; and (4) the defendant had the intent to steal the goods or to defraud his employer. *See State v. Canipe*, 64 N.C. App. 102, 103, 306 S.E.2d 548, 549 (1983); *State v. Brown*, 56 N.C. App. 228, 229, 287 S.E.2d 421, 423 (1982). To establish a conviction for larceny by employee, the State must prove each of the above elements beyond a reasonable doubt. The State has failed to meet its burden because defendant is not an employee.

An "employee" has been defined as a

> person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed . . . . One who works for an employer; a person working for salary or wages.

Black's Law Dictionary 525 (6th ed. 1990). Other dictionaries describe "employee" as a "person who works for another in return for compensation," American Heritage College Dictionary 451 (3d ed., 1997); and "one employed by another[.]" Webster's Third New International Dictionary (Unabridged) 743 (1966). In general, employees are subject to certain regulations, such as laws regarding the minimum wage, and are protected by acts such as the Workers' Compensation Act. Prisoners, however, are exempt from the Wage and Hour Act. *See* N.C. Gen. Stat. § 95-25.14(a)(6) (1999). They are barred from bringing a work-related claim under the Tort Claims Act and have limited remedies if they are injured while working. *See* N.C. Gen.

Stat. § 148-26(a)(4) (1999); *Richardson v. N.C. Dept. of Corrections*, 345 N.C. 128, 478 S.E.2d 501 (1996). The Workers' Compensation Act does not apply to inmates of prisons unless an accidental injury or death resulting from the prisoner's employment assignment amounts to a discharge. In such a case, the inmate would be able to recover no more than thirty dollars per week during the inmate's disability following his release from prison. The disability payments do not relate back to the date of the injury, but to the date of release. *See* N.C. Gen. Stat. § 97-13 (1999). Prisoners cannot earn more than $1.00 per day. *See* N.C. Gen. Stat. § 148-26(a)(4). Further, prisoners are not eligible to use the services of the Employment Security Commission even if on work release. *See* N.C. Gen. Stat. § 96-8(6)(k)(17) (1999).

Although defendant was assigned to work in the prison canteen and was accused of taking money and merchandise, the rationale in determining whether he was an employee must also fit the prisoner who is on work assignment on a highway and is accused of taking a shovel or the prisoner who is assigned to scrub the floor and is accused of taking a bristle brush.

The State asserts that an "employee," as the term is used in N.C. Gen. Stat. § 14-74, simply means a person in the service of another. The State argues that defendant was hired by the prison to work in the canteen, which was a revenue-generating operation. He was in the service of the prison.

However, the North Carolina Supreme Court has held that an inmate in a juvenile delinquency institution was not an employee within the meaning of the Tort Claims Act. *Alliance Co. v. State Hospital of Butner*, 241 N.C. 329, 85 S.E.2d 389 (1955). The *Alliance Co.* Court stated:

> the inmates [of a prison are] detained there for the purpose for which [the prison] was created, and are not employees of the State of North Carolina. Indeed the word "employed," in the sense it is used in G.S. 148-49.3 "Facilities and Programs for Youthful Offenders" (repealed)], means to make use of the services of the "prisoners," and not in the sense of hiring them for wages.

*Id.* at 333, 85 S.E.2d at 390. Moreover, the defendant was on work assignment, not work release. Work assignments at the prison are mandatory. *See* N.C. Gen. Stat. § 148-26(a). This state has continuously and traditionally held that an employment relationship

arises out of contract, whether express or implied. *See Dockery v. McMillan*, 85 N.C. App. 469, 355 S.E.2d 153, review denied, 320 N.C. 167, 358 S.E.2d 49 (1987); *Holleman v. Taylor*, 200 N.C. 618, 158 S.E. 88 (1931). There was neither an express nor an implied contract under these circumstances. Defendant did not make a wage that would have been lawful outside of prison, he could not lawfully refuse a work assignment, and he had no bargaining power or any of the other ingredients of a traditional employment relationship.

The primary policy supporting work assignments is to make the prisoner at least partly responsible for his own upkeep, with failure to perform such a work assignment possibly resulting in "disciplinary action." N.C. Gen. Stat. § 148-26(a).

**[2]** Therefore, we hold that defendant was not an employee of the prison or the State and, as such, could not be convicted of larceny by employee. Accordingly, the trial court erred by denying defendant's motion to dismiss the charge of larceny by employee, and defendant's conviction of larceny by employee is hereby vacated. There being no felony conviction to which the habitual felon indictment attaches, this indictment is also dismissed and the conviction vacated. Review of defendant's remaining arguments are thus unnecessary.

We render no opinion as to any charge which properly could have been brought against defendant under the facts of this case.

Vacated and remanded.

Judges MARTIN and TIMMONS-GOODSON concur.