An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1002

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

STATE OF NORTH CAROLINA

v.

ALEX STEPHEN LOFTIS

Haywood County
No. 11 CRS 54179, 54180, 54236, 54238

Appeal by defendant from judgments entered 22 January 2013 by Judge Nathaniel J. Poovey in Haywood County Superior Court. Heard in the Court of Appeals 22 January 2014.

> *Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State.*

> *Staples S. Hughes, Appellate Defender, by Andrew DeSimone, Assistant Appellate Defender, for defendant-appellant.*

STEELMAN, Judge.

The trial court erred in failing to charge the jury that it could not convict defendant of both larceny by an employee and armed robbery. A conspiracy is committed at the time of agreement between the parties. The fact that the ultimate crime may have been either larceny by an employee or armed robbery does not preclude guilt of conspiracy for larceny by an

employee. Since there was evidence that defendant committed both robbery and larceny by an employee, the trial court did not commit plain error in its jury charge on second-degree kidnapping. Where defense counsel made no inquiry about a witness' character for truthfulness, but rather asked what kind of person the witness was, the trial court did not err in sustaining the State's objection.

## I. Factual and Procedural Background

On 10 November 2011, a masked man boarded an armored car owned by Dunbar Armored Incorporated (Dunbar) and driven by Alex Loftis (defendant). Defendant and James Ray Godley IV (Godley) were employees of Dunbar and were servicing automatic teller machines. The masked man threatened defendant and Godley with a stun gun, tied them up, and took about one million dollars in cash. Jerry Bogan (Bogan) later confessed to being the masked man, and told law enforcement that he and defendant had planned and executed the robbery.

Defendant was charged with larceny by an employee greater than $100,000, robbery with a dangerous weapon, second-degree kidnapping of Godley, conspiracy to commit larceny by an employee greater than $100,000, conspiracy to commit robbery with a dangerous weapon, and conspiracy to commit second-degree

kidnapping of Godley. The jury found defendant not guilty of conspiracy to commit robbery with a dangerous weapon and conspiracy to commit second-degree kidnapping, but found defendant guilty of the remaining charges. The trial court sentenced defendant to a consolidated term of imprisonment of 73-97 months for the larceny, robbery, and conspiracy to commit larceny charges. A second consecutive judgment of 25-39 months was imposed for the second-degree kidnapping charge. The second judgment was suspended for 36 months, and defendant was placed upon supervised probation.

Defendant appeals.

## II. Larceny by an Employee and Armed Robbery

In his first argument, defendant contends that the trial court erred or committed plain error by entering judgment on both the larceny by an employee and the armed robbery charges, and in failing to instruct the jury that defendant could not be found guilty of both offenses. We agree.

### A. Standard of Review

The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings

on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).

> [T]he plain error rule ... is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "'resulted in a miscarriage of justice or in the denial to appellant of a fair trial'" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (quoting *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

### B. Analysis

Defendant was tried for both larceny by an employee and robbery with a dangerous weapon. The trial court instructed the jury on both charges, and did not charge the jury that defendant could only be found guilty of one of the charges. Defendant did not object to these jury instructions at trial, and we therefore review this issue only for plain error.

The elements of larceny by an employee, as defined by N.C. Gen. Stat. § 14-74, are "(1) the defendant was an employee of the owner of the stolen goods; (2) the goods were entrusted to the defendant for the use of the employer; (3) the goods were taken without the permission of the employer; and (4) the defendant had the intent to steal the goods or to defraud his employer." *State v. Frazier*, 142 N.C. App. 207, 209, 541 S.E.2d 800, 801 (2001). Unlike common law larceny, "[l]arceny by an employee requires *lawful* possession." *State v. Brown,* 56 N.C. App. 228, 231, 287 S.E.2d 421, 424 (1982).

The elements of robbery with a dangerous weapon are "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." *State v. Rogers*, ___ N.C. App. ___, ___, 742 S.E.2d 622, 626 (2013) (quoting *State v. Gwynn,* 362 N.C. 334, 337, 661 S.E.2d 706, 707-08 (2008)) (citing N.C. Gen. Stat. § 14-87). Robbery with a dangerous weapon involves a trespassory taking, *see State v. McDonald*, 130 N.C. App. 263, 268, 502 S.E.2d 409, 413 (1998), as opposed to a taking pursuant to lawful possession, such as larceny by an employee.

Our Supreme Court has held that, "since property cannot be obtained simultaneously pursuant to both lawful and unlawful means, guilt of either embezzlement or false pretenses necessarily excludes guilt of the other." *State v. Speckman*, 326 N.C. 576, 578, 391 S.E.2d 165, 167 (1990). However, our Supreme Court has also held that:

> Nevertheless, the State may join for trial two offenses when they "are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan," N.C.G.S. § 15A-926(a) (2009), even if the defendant cannot be convicted of both offenses "due to the mutually exclusive nature of those offenses," *State v. Speckman*, 326 N.C. 576, 578, 391 S.E.2d 165, 167 (1990) (citation omitted). When two such offenses are joined for trial and substantial evidence supports each offense, both should be submitted to the jury. *See id*. at 579, 391 S.E.2d at 167. "[H]owever, the trial court must instruct the jury that it may convict the defendant only of one of the offenses or the other, but not of both." *Id*. Because no such instruction was given here, the trial court erred.

*State v. Melvin*, 364 N.C. 589, 593, 707 S.E.2d 629, 632 (2010).

In the instant case, defendant was charged with two mutually exclusive offenses, larceny by an employee and robbery with a dangerous weapon. Pursuant to *Melvin*, it was not error to submit both offenses to the jury. However, the trial court was required to instruct the jury that it could find defendant

guilty of only one of the two offenses. The failure to so charge the jury was error. We further hold that this error constituted plain error since the jury convicted defendant of both charges.

We vacate the trial court's judgment on the charges of robbery with a deadly weapon and larceny by an employee greater than $100,000, and remand these two charges for a new trial. *See Speckman*, 326 N.C. at 580, 391 S.E.2d at 167-68 (remanding for new trial where the trial court's error in permitting the jury to convict on two mutually exclusive offenses was prejudicial). Upon retrial, the trial court is to instruct the jury that defendant can be found guilty of one or neither, but not both, of the charges.

### III. Denial of Defendant's Motion to Dismiss
### The Charges of Larceny and Conspiracy to Commit Larceny

In his second argument, defendant contends that the trial court erred in denying his motion to dismiss the charges of larceny by an employee and conspiracy to commit larceny by an employee at the close of all of the evidence. We disagree.

### A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

## B. Analysis

Defendant contends that the State failed to present sufficient evidence that defendant either conspired to commit or committed the crime of larceny by an employee.

The elements of larceny by an employee are set forth in section II B of this opinion. To establish a charge of conspiracy, the State must present evidence of "an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means." *State v. Bindyke*, 288 N.C. 608, 615, 220 S.E.2d 521, 526 (1975).

In the instant case, the State presented evidence that defendant was employed by Dunbar, that the money was entrusted to defendant for his employer's purposes, that the money was stolen, and that Bogan conspired with defendant to commit the

theft.    We hold that this was substantial evidence of each element of larceny by an employee and conspiracy to commit larceny by an employee.

Defendant argues that there was not sufficient evidence to find him guilty of larceny by an employee, because the evidence suggests that the money was taken via a trespassory taking rather than while defendant was in lawful possession.  We hold that there was sufficient evidence in the record for the jury to have found either that there was a trespassory taking, or that there was a conversion of the money while it was in the lawful possession of defendant.  The trial court did not err in denying defendant's motion to dismiss the charges of larceny by an employee and conspiracy to commit larceny by an employee at the close of all of the evidence.

This argument is without merit.

### IV. Jury Instruction on Second-Degree Kidnapping

In his third argument, defendant contends that the trial court erred in instructing the jury on second-degree kidnapping. We disagree.

The trial court instructed the jury that it could convict defendant of second-degree kidnapping if it found that he acted "for the purpose of facilitating the defendant's or another

person's commission of either larceny by an employee and/or robbery with a dangerous weapon or any lesser-included offenses[.]" Defendant contends that it was error to permit the jury to find that defendant engaged in kidnapping for the purpose of facilitating larceny by an employee because, as defendant argues above, there was no evidence that defendant committed larceny by an employee. Because defendant did not object to this instruction at trial, we review only for plain error.

In section III B of this opinion, we held that there was sufficient evidence in the record for the court to submit the charge of larceny by an employee to the jury. Because there was evidence that defendant committed larceny by an employee, one of the offenses underlying the charge of second-degree kidnapping, the trial court did not commit plain error in instructing the jury upon the charge of second-degree kidnapping.

This argument is without merit.

## V. Exclusion of Impeachment Evidence

In his fourth argument, defendant contends that the trial court erred in excluding the testimony of Bogan's former employer that was offered to impeach Bogan. We disagree.

## A. Standard of Review

"Evidentiary errors are harmless unless a defendant proves that absent the error a different result would have been reached at trial." *State v. Ferguson*, 145 N.C. App. 302, 307, 549 S.E.2d 889, 893, *disc. review denied*, 354 N.C. 223, 554 S.E.2d 650 (2001).

## B. Analysis

At trial, Dillon Loftis (Dillon), defendant's older brother, testified with regard to defendant's character for truthfulness. Specifically, when asked about his brother's reputation for truthfulness, Dillon testified:

> He is -- Alex is the most trustworthy and caring person, selfless person that you'll ever meet. I'm sitting here as his brother, and I can honestly tell you that he was the best man at my wedding, cried with me during my wedding --
>
> MR. JONES: Objection to that.
>
> THE COURT: Sustained.

Afterwards, defense counsel and Dillon had the following exchange:

> Q. You also had an occasion to know Jerry Bogan?
>
> A. Oh, we hired him at Cubicle Connections. And --
>
> Q. What kind of person is Jerry Bogan?
>
> MR. JONES: Objection.

THE COURT: Sustained.

THE WITNESS: Complete opposite.

Defendant contends that this latter question, "What kind of person is Jerry Bogan," was a legitimate attack on Bogan's character for truthfulness pursuant to Rule 608(a) of the North Carolina Rules of Evidence. Defendant contends that the trial court erred in sustaining the State's objection to the question, and to Dillon's response, "Complete opposite." Rule 608 states:

> Opinion and reputation evidence of character. — The credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion as provided in Rule 405(a), but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

N.C. R. Evid. 608(a). In the instant case, counsel for defendant did not ask, "What is Jerry Bogan's reputation for truthfulness," which is permitted under Rule 608(a), but rather, "What kind of person is Jerry Bogan?" This general type of character evidence is prohibited under Rule 404 of the North Carolina Rules of Evidence.

We hold that the trial court's exclusion of this testimony was not error.  Even assuming *arguendo* that it was error, we hold that defendant has failed to show that, absent any possible error, a different result would have been reached at trial.

This argument is without merit.

## VI. Conclusion

We vacate the judgments on the charges of larceny by an employee and armed robbery, and remand those two charges for a new trial.  The jury shall be instructed that defendant may be found guilty only of one or the other, or neither.  The trial court did not err in denying defendant's motion to dismiss the larceny by an employee and conspiracy to commit larceny by an employee charges.  The trial court did not err in instructing the jury on second-degree kidnapping or in sustaining the State's objection to improper character evidence solicited from defendant's brother.

NO ERROR IN PART, VACATED AND REMANDED FOR NEW TRIAL IN PART.

Judges STEPHENS and DAVIS concur.

Report per Rule 30(e).