STATE OF NORTH CAROLINA v. STEPHEN J. WILLIAMS

No. 7612SC27

(Filed 5 May 1976)

1. **Criminal Law § 66— pretrial lineup — in-court identification based on observation at crime scene**

 In a prosecution for rape, crime against nature and kidnapping, the trial court's finding that the victim's in-court identification of

defendant was based on her observation of him at the crime scene and not on a pretrial lineup conducted three days after the alleged offense was supported by the evidence where such evidence tended to show that the victim was in defendant's presence at the time of the crime for thirty minutes and that she had ample opportunity to observe him, the victim immediately picked defendant out of the lineup with no suggestion that he was her assailant, and defendant was represented by counsel at the lineup which was properly conducted.

**2. Criminal Law § 80— vehicle registration card — inspection by defendant of original — introduction of copy not error**

The trial court did not err in allowing the State to introduce into evidence a copy of defendant's automobile registration card duly certified by authorized officials of the DMV rather than the actual card *found in defendant's* vehicle, though the assistant district attorney, in a voluntary disclosure statement, had notified defense counsel that the original card would be introduced in evidence, since there is no requirement that the State offer writings into evidence in the precise form that they were in when inspected by defense counsel.

APPEAL by defendant from *Hall, Judge.* Judgment entered 5 September 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 April 1976.

Upon pleas of not guilty, defendant was tried on bills of indictment charging him with (1) rape, (2) crime against nature, and (3) kidnapping. The offenses allegedly occurred on 10 June 1975 and Mrs. Chon Pok LeBron was the victim named in each indictment. The cases were consolidated for trial.

The State offered evidence tending to show: Shortly after 2:15 a.m. on 10 June 1975, Mrs. LeBron was driving home from her place of employment in Fayetteville. Defendant began following her in his car and finally collided with her so that both cars had to stop. Defendant then walked over to Mrs. LeBron's vehicle, grabbed her, and carried her to his car. He carried her to a dark secluded area near a school building several miles from the scene of the collision. At that place he stopped his car and forced her to perform fellatio; he then forced her to have intercourse with him but only for a very brief period of time. Thereafter he drove Mrs. LeBron a short distance away from the school, ordered her to get out of his car, and drove off.

Defendant presented no evidence.

A jury found defendant guilty of crime against nature and kidnapping, and found him not guilty of rape. From judgment imposing prison sentence of not less than 40 nor more than 45

years, to be credited with 84 days pretrial confinement, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Smith, Geimer & Glusman, P.A., by Kenneth Glusman, for defendant appellant.*

BRITT, Judge.

[1] Defendant contends first that the court erred in finding as a fact that Mrs. LeBron's identification of defendant was of origin independent of the lineup she viewed at the sheriff's office, and in refusing to suppress her identification of defendant. We find no merit in the contention.

Before Mrs. LeBron was permitted to identify defendant at trial, the court conducted a voir dire in the absence of the jury at which the victim and Deputy Sheriff James Parrish testified. Following the voir dire, the court found as facts that at the time the alleged offenses were committed Mrs. LeBron was in defendant's presence for some thirty minutes and had ample opportunity to observe him; that some three days later she viewed several photographs which included a picture of defendant made some 74 days earlier and she was unable to pick out defendant's picture; that a few minutes later, on the same date, a lineup was conducted and Mrs. LeBron immediately picked out the defendant; that defendant was represented by counsel at the lineup which was properly conducted; Mrs. LeBron selected the defendant from the lineup without any suggestion as to which one in the lineup was the defendant; that the cars involved had interior lights that came on when the car doors were open and she was in defendant's presence for approximately thirty minutes. The court found and concluded that the testimony of Mrs. LeBron with respect to the in-court identification of defendant was based solely on her observation of him at the scene of the crimes and was not influenced in any way by anything else.

Our Supreme Court has held many times that when the trial court's findings of fact on a voir dire are fully supported by evidence, the findings are conclusive on appeal. *State v. Curry,* 288 N.C. 660, 220 S.E. 2d 545 (1975); *State v. Morris,* 279 N.C. 477, 183 S.E. 2d 634 (1971); *State v. McVay,* 277 N.C. 410, 177 S.E. 2d 874 (1970). We hold that Judge Hall's findings

in the instant case are fully supported by the evidence, and the findings support the conclusion of law that the testimony of Mrs. LeBron regarding the identity of defendant was admissible.

[2]　Next, defendant contends the court erred in permitting the State to introduce into evidence certain items which were not disclosed to defense counsel during pretrial discovery. This contention has no merit.

Prior to the trial of this action the new Rules of Criminal Procedure, particularly Art. 48 of Chapter 15A of the General Statutes, became effective. In a voluntary disclosure statement, filed 28 August 1975, the assistant district attorney notified defense counsel of certain exhibits which the State proposed to introduce. The list included "the driver's license and registration card of Stephen J. Williams which were FOUND IN THE VEHICLE . . . . " (Emphasis added.) At trial, instead of offering the registration card found in the car, the State offered a copy of the card duly certified by authorized officials of the Department of Motor Vehicles. Over defendant's objection the copy was admitted into evidence.

Defendant argues that he was prepared to defend against the original document on the ground that it was obtained from the car pursuant to an illegal search and seizure, and that he was "surprised" by the introduction of the certified copy. We find the argument unpersuasive.

The common law recognized no right to discovery in criminal cases. *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972). Statutes in derogation of the common law must be strictly construed. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925 (1955); *McKinney v. Deneen,* 231 N.C. 540, 58 S.E. 2d 107 (1950). While G.S. 15A, Art. 48, requires the State, upon proper motion, to divulge certain writings or documents, we find nothing therein that requires the State to offer the writings into evidence in the precise form that they were in when inspected by defense counsel.

We note also that the State's voluntary disclosure statement provided that a copy of the title to the automobile, as certified by the Department of Motor Vehicles, would be offered in evidence and defendant did not object to its introduction. That document disclosed registration in the name of William Easley Paine, Jr. However, on the back were three assignments of the title and the third, dated 10 July 1974, was to defendant.

State v. Williams

Assuming, *arguendo*, that the court erred in admitting the certified copy of the registration card, it would appear that the error was rendered harmless by introduction of the copy of the certificate of title showing a final assignment to defendant.

Finally, defendant contends the court erred in admitting into evidence a photograph of the automobile which he allegedly drove and admitting evidence pertaining to paint samples allegedly taken from the automobile. Suffice it to say that we have carefully considered these contentions and find them also to be without merit.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.