State v. Lovick

STATE OF NORTH CAROLINA v. JEROME LOVICK

No. 788SC464

(Filed 7 August 1979)

**Receiving Stolen Goods § 5— removal of hams by store employees—larceny rather than embezzlement**

The State's evidence in a prosecution for feloniously receiving stolen goods was sufficient to show that the goods were taken under such circumstances so as to constitute larceny as alleged in the indictment where it tended to show that two grocery store employees removed hams from the storeroom without the permission of their employer and sold them to defendant at half price, and that the employees had been hired to bag groceries and sweep up, since the employees were not entrusted with the hams and thus acquired possession of them illegally, which would make their crime larceny and not embezzlement.

APPEAL by defendant from *Strickland, Judge*. Judgment entered 1 March 1978 in Superior Court, LENOIR County. Heard in the Court of Appeals 20 September 1978.

Defendant was tried on his plea of not guilty to a charge of feloniously receiving stolen goods. The State presented evidence to show that Winefred Parker and Clarence Ingram were employed to bag groceries and sweep up at J. C. Moore's store. Without permission from their employer, the two men removed hams from the storeroom and took them at night to the house of the defendant, who bought them at half price, having first been informed where the hams came from and having been cautioned not to let anyone know where he got them. For their part in these transactions, the two employees were charged with felonious larceny and embezzlement. They pled guilty to nonfelonious larceny, and the felony charges were dropped.

The defendant testified and denied having bought any hams from Parker or Ingram.

The jury found defendant guilty of non-feloniously receiving stolen goods. From judgment sentencing him to jail for ninety days, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Claude W. Harris for the State.*

*Fred W. Harrison for defendant appellant.*

PARKER, Judge.

Defendant first contends that his motion for a directed verdict should have been allowed because the State's evidence failed to show that the goods were taken under such circumstances as to constitute larceny. The indictment charged that defendant did feloniously receive property knowing the same to have been "feloniously stolen, taken and carried away." If the State's evidence had indeed failed to show a larceny, defendant's motion should have been allowed. *See State v. Babb*, 34 N.C. App. 336, 238 S.E. 2d 308 (1977). In *Babb* the defendant was tried and found guilty on a charge similar to that involved in the present case. The State's evidence showed that defendant Babb had purchased tires from a tire department foreman to whom the tires had been entrusted by his employer and who had apparent and actual authority to sell them. On appeal, this Court held that defendant's motion for nonsuit should have been allowed because of the variance between the charge, which alleged the goods to have been stolen (a violation of G.S. 14-72), and the proof, which showed that the goods had been embezzled by the foreman from his employer in violation of G.S. 14-74.

The present case is distinguishable from *State v. Babb*, supra, on its facts. In the present case both J. C. Moore and his employees testified that the employees were hired to bag groceries and sweep up. There is nothing in the evidence to show that Moore in any sense entrusted the hams to Parker and Ingram before the two men removed the hams from the store. Thus, in this case, contrary to the situation in *Babb*, the evidence shows that the employees acquired *possession* of their employer's property illegally, which would make their crime larceny and not embezzlement.

> Generally speaking, to constitute larceny there must be a wrongful taking and carrying away of the personal property of another without his consent, and this must be done with felonious intent . . . . In embezzlement [on the other hand] the possession of the property is acquired lawfully by virtue of a fiduciary relationship and thereafter the felonious intent and fraudulent conversion enter in to make the act of appropriation a crime.

*State v. Griffin*, 239 N.C. 41, 45, 79 S.E. 2d 230, 232-33 (1945). Using this analysis, it is clear that the evidence in the present case, unlike the evidence in *State v. Babb*, tended to prove the commission of larceny, not embezzlement. Thus, in this case there was no variance between the charge and the proof, and defendant's motion for a directed verdict was properly denied.

Defendant's remaining contention is that the court erred in its charged to the jury. In this connection the court instructed the jury that they should return a verdict of guilty if they found from the evidence beyond a reasonable doubt that defendant, with a dishonest purpose, received from Parker or Ingram hams which he knew "or had reasonable grounds to believe" someone had stolen. Defendant concedes that the quoted portion of the charge was justified by the amendments effected to G.S. 14-71 and G.S. 14-72(c) by Ch. 163 of the 1975 Session Laws, which added the words "or having reasonable grounds to believe" after the word "knowing" in each of those statutes. Defendant's contention is that the court erred in failing to go further and to charge the jury that they should judge the reasonableness of defendant's belief from the circumstances as they appeared to him at the time he received the stolen goods. We do not agree that such additional instruction was required. From the charge as given the jury must have clearly understood that they could find defendant guilty only if they should find from the evidence beyond a reasonable doubt that *at the time he received the stolen hams* he knew or had reasonable grounds to believe they had been stolen.

In defendant's trial and in the judgment entered we find

No error.

Judges HEDRICK and MARTIN (Robert M.), concur.