STATE OF NORTH CAROLINA v. JUNIOR CLAUDE BROWN

No. 8129SC854

(Filed 2 March 1982)

**1. Larceny § 4— larceny by employee—sufficiency of indictment**

In a prosecution for larceny by an employee, an indictment which alleged that cows were delivered to defendant "to be kept to the use of" his employer sufficiently alleged a trust delivery, and it was not necessary for the indictment to allege who delivered the cows to defendant.

**2. Larceny § 4— larceny by employee—age not essential element in indictment**

In a prosecution for larceny by employee, an indictment was not inadequate because it failed to allege that defendant was at least 16 years of age. A proviso in the larceny by employee statute, G.S. 14-74, providing "that nothing contained in this section shall extend to . . . servants within the age of 16 years," withdraws a class of defendants from the crime of larceny by an employee. Because the phrase creates an exception to G.S. 14-74, age is not an essential element which the indictment must allege.

**3. Larceny § 1—distinction between larceny by employee and common law larceny—no fatal variance between indictment and evidence**

There was no fatal variance between an indictment charging defendant with larceny by an employee and the evidence offered at trial where the evidence tended to show defendant was employed as foreman of a farm, was in charge of 100 or so cattle, and wrongfully carried away some of the cattle. The evidence did not prove a common law larceny offense as the evidence did not support the inference that defendant originally wrongfully *acquired* the property.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 11 March 1981 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 1 February 1982.

Defendant was convicted of felonious larceny by an employee. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Appellate Defender Project for North Carolina, by Assistant Appellate Defender Malcolm R. Hunter, Jr., and Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

VAUGHN, Judge.

[1] Three of defendant's assignments of error relate to the indictment for larceny by an employee. Defendant first argues that the indictment is defective because it fails to allege a trust delivery. We overrule this assignment of error.

G.S. 14-74 states the following:

"If any servant or other employee, to whom any money, goods or other chattels . . . by his master shall be delivered safely to be kept to the use of his master, shall withdraw himself from his master and go away with such money, goods, or other chattels . . . with intent to steal the same and defraud his master thereof, contrary to the trust and confidence in him reposed by his said master; . . . the servant so offending shall be punished as a Class H felon: Provided, that nothing contained in this section shall extend to . . . servants within the age of 16 years."

According to *State v. Babb,* 34 N.C. App. 336, 238 S.E. 2d 308 (1977), an indictment charging a violation of G.S. 14-74 must allege that the property was received and held by the defendant in trust, or for the use of the owner, and that being so held, it was feloniously converted or made away with by the servant or agent.

The present indictment alleges that the defendant feloniously carried away two black angus cows which were owned by Royce B. Thomas. It further alleges that

"[a]t the time of this larceny the defendant was the employee of Royce B. Thomas and the said cows had been delivered

safely to the defendant to be kept to the use of Royce B. Thomas, and the defendant converted them to his own use with the intent to steal them and to defraud his employer, without the consent of his employer. The defendant occupied a position of trust and confidence."

Because the indictment alleges that the cows were delivered to defendant "to be kept *to the use of*" his employer, we hold the indictment sufficiently alleges a trust delivery. It is not necessary for the indictment to allege who delivered the cows to defendant. *See also State v. Maslin*, 195 N.C. 537, 539, 143 S.E. 3, 5 (1928), *rev'd on other grounds*, 279 N.C. 663, 185 S.E. 2d 174 (1971); *State v. Lanier*, 89 N.C. 517, 519 (1883).

[2] Defendant next argues that the indictment is inadequate because it fails to allege that he is at least 16 years old. He cites the statutory phrase, "Provided, that nothing contained in this section shall extend to . . . servants within the age of 16 years." Defendant contends that age is an essential element of G.S. 14-74, which must be alleged, proven and charged. We disagree.

We are aided in our analysis by *State v. Connor*, 142 N.C. 700, 55 S.E. 787 (1906). Addressing a question similar to the present one, the Supreme Court stated:

"It is well established that when a statute creates a substantial criminal offense, the description of the same being complete and definite, and by subsequent clause, either in the same or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted cases need not be negative in the indictment, nor is proof required to be made in the first instance on the part of the prosecution."

142 N.C. at 701, 55 S.E. at 788.

As noted in *State v. Connor, supra,* there are no magic words for creating an exception to an offense. Neither is placement of a phrase controlling. The determinative factor is the nature of the language in question. Is it part of the definition of the crime or does it withdraw a class from the crime?

Upon examining G.S. 14-74, we conclude that the phrase in question *withdraws* a class of defendants from the crime of

larceny by an employee. The language before the phrase completely and definitely defines the offense. Servants within 16 years of age are excepted from that definition. Because the phrase creates an exception to G.S. 14-74, we hold that age is not an essential element which the indictment must allege and the State initially prove. *See State v. Connor, supra. Compare with* G.S. 14-27.2.

We recognize that a legislature cannot so define the elements of an offense that defendant has an "unfair" allocation of the burden of proof. *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed. 2d 281, 292 (1977); *State v. Trimble*, 44 N.C. App. 659, 666, 262 S.E. 2d 299, 303 (1980). Age, however, is a fact particularly within defendant's knowledge. To place the burden on defendant to raise the exception to G.S. 14-74 and to prove that he comes within it does not exceed the constitutional limits established. Defendant's assignment of error is overruled.

[3] Defendant's third assignment of error is an alleged fatal variance between the indictment against him and the evidence offered at trial. Defendant was charged with larceny by an employee. He contends, however, that the evidence supported a conviction, if at all, of common law larceny.

Defendant correctly notes a distinction between larceny by an employee and common law larceny. The latter is not a lesser included offense of the former. In fact, a conviction of common law larceny requires evidence inconsistent with that supporting a conviction of larceny by an employee. *State v. Daniels*, 43 N.C. App. 556, 259 S.E. 2d 396 (1979). Common law larceny requires a trespass, either actual or constructive. Larceny by an employee requires *lawful* possession.

Defendant mistakenly equates, however, his actions with the trespass element of common law larceny. Defendant argues that the evidence showed he removed the cows without authority. He contends that he is, therefore, guilty of a wrongful taking and cannot be convicted of G.S. 14-74. The evidence highlighted by defendant, however, shows a wrongful carrying away—an element of both common law larceny and larceny by an employee. The wrongful taking of trespass refers to an originally wrongful *acquisition* of the objects.

A case on point is *State v. Lovick*, 42 N.C. App. 577, 257 S.E. 2d 146 (1979). The employees there were employed to bag groceries and sweep. Without permission of their employer, they removed hams from the storeroom. The Court held the employees were properly charged with larceny rather than embezzlement. The evidence showed they had acquired possession of their employer's property illegally.

In contrast is the evidence of the present cause. Defendant's employer testified that defendant was in charge of one hundred or so cattle on Round Pond Farm. According to the manager of Round Pond Farm, defendant was more or less foreman: "He was entrusted with all the cattle there on the farm." This evidence shows that defendant originally had lawful possession of the cows, as required by G.S. 14-74. There is thus no variance between the charge and proof.

Defendant finally argues that the court committed prejudicial error in its admission of hearsay evidence. The argument is without merit for several reasons. Among them, there is nothing to indicate that the witness was not testifying from personal knowledge. If defendant had reason to believe the witness was not speaking from personal knowledge, he was at liberty to explore the issue on cross-examination or *voir dire. State v. McKinnon*, --- N.C. App. ---, 283 S.E. 2d 555 (1981).

No error.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.