State v. Alston

STATE OF NORTH CAROLINA v. ROBERT WESLEY ALSTON AND STANLEY
LEE ROY McCLOUD

No. 853SC800

(Filed 6 May 1986)

1. **Bills of Discovery § 6— documents of car ownership—provision to defendants —failure to provide other documents**

   The trial court did not err in admitting a bill of sale and an odometer statement for a car used in a robbery, although the court had previously suppressed other documents of ownership because the State had failed to provide defendants with copies as requested, where the admitted documents were not in the possession of the State prior to trial and were promptly made available to defendants when they were obtained by the State.

2. **Criminal Law § 62— impeachment of witness—inadmissibility of offer to take polygraph test**

   The trial court did not err in refusing to allow defendants to impeach a State's witness with a recording of his offer to take a polygraph test in support of the story he told defense counsel.

3. **Robbery § 3— competency of evidence**

   Testimony by a bank teller that one robbery defendant came into another bank on the day of the robbery and got change for a one hundred dollar bill was properly admitted to show that defendants were in town on the day of the robbery and to corroborate another State's witness. N.C.G.S. § 8C-1, Rules 105 and 404(b).

4. **Criminal Law § 102— last argument to jury**

   The trial court properly permitted the State to argue last to the jury where one defendant introduced a tape recording of statements by a State's witness during cross-examination of the witness.

5. **Assault and Battery § 1; Robbery § 5.1— assault charge not merged into armed robbery**

   A charge of assault with a deadly weapon with intent to kill was not merged into an armed robbery charge since "intent to kill" is not an element of armed robbery. N.C.G.S. 14-87.

APPEAL by defendants from *Reid, Judge.* Judgments entered 12 December 1984 and 12 February 1985 in Superior Court, CRAVEN County. Heard in the Court of Appeals 6 January 1986.

The defendants and Ricardo Punch were tried together for several offenses arising out of the robbery of First Citizens Bank in New Bern. Punch was acquitted of all charges, but both defendants were convicted of armed robbery, conspiracy to commit

armed robbery, and assault with a deadly weapon with intent to kill.

The State's evidence, which included the testimony of Melvin Jenkins, a confessed participant in the robbery, tended to show that: On 27 August 1982, the defendants and Jenkins visited Branch Bank and Trust on Glenburnie Road in New Bern with the intention of robbing it, but changed their minds after seeing what appeared to be a plainclothes policeman inside. Later that day they went to First Citizens Bank to rob it. While Jenkins waited outside the defendants burst into the bank wearing stocking masks. One of them pointed a gun at teller Ira Morgan, said "Don't touch that button, bitch," and fired a bullet that struck her ear. The robbers then filled a bag with money and as they ran from the bank a red dye pack inside the bag exploded. They drove away in a four-door "Chrysler type" sedan and split the money at a farm near Jenkins' father's home. Several items connected with the robbery, including a stolen automobile license plate, the red dye pack, pieces of nylon stocking, and a bank money wrapper, were recovered by the police upon information from Jenkins. Other facts pertinent to our decision are included in the opinion.

*Attorney General Thornburg, by Assistant Attorney General Marilyn R. Mudge, for the State.*

*Calvin R. King for defendant appellant Robert Wesley Alston.*

*Acting Appellate Defender Hunter, by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant Stanley Lee Roy McCloud.*

PHILLIPS, Judge.

The defendants jointly contend that the trial court erred in four respects and defendant Alston contends that he was prejudiced by five other rulings. None of these contentions have merit, in our opinion, and several of them require no discussion, though all have been considered. First we discuss two of the joint contentions.

[1] Their first contention is that the court erred in allowing the State to introduce a document to show that defendant Alston

owned the car allegedly used in the bank robbery, the contents of which had been suppressed by a prior order. Early in the trial, pursuant to the provisions of G.S. 15A-907, certain certified documents from the Washington, D. C. Department of Motor Vehicles indicating that Alston owned the car were suppressed by the judge because the State had failed to promptly provide the defendants with copies as requested. Later the court permitted a used car dealer from the District of Columbia to testify that he sold a car similar to the robbery car to a man named Robert Alston and a bill of sale and an odometer statement for the car were received into evidence as business records under G.S. 8C-1, N.C. Rules of Evidence 803(6). The defendants argue that the State was thereby permitted to circumvent the discovery rules; but applying those rules strictly, as *State v. Williams*, 29 N.C. App. 319, 224 S.E. 2d 250 (1976) requires, the argument has no merit. Before the trial started the bill of sale and the odometer statement were not within the "possession, custody, or control of the State." G.S. 15A-903(d); *State v. Crews*, 296 N.C. 607, 252 S.E. 2d 745 (1979). When the car dealer arrived in court with the documents they were promptly made available to defendants; and since defendants had no right to learn ahead of time, by discovery, who would testify against them and the substance of their testimony, *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977), G.S. 15A-907 was not violated.

[2] Their second contention is that the trial judge improperly restricted cross-examination of State's witness Melvin Jenkins, who both before trial and at trial described in detail the part each defendant played in the bank robbery. Before trial Jenkins also conferred with McCloud's attorney in Washington, D. C., told him that his statements implicating the defendants were the result of threats by the police, and in support of his story offered to take a polygraph test. The defendants had a recording of the conversation and the court permitted them to use it in cross-examining and impeaching Jenkins about the different statements made implicating the defendants; but the court refused to let the jury hear Jenkins' offer to undergo a polygraph test. That ruling was not erroneous, in our opinion, and was harmless in any event since it is commonly known that polygraph tests are not admissible under our law for any purpose. *State v. Grier*, 307 N.C. 628, 300 S.E. 2d 351 (1983).

State v. Alston

**[3-5]** As to the further contentions of defendant Alston: The court did not err in permitting Diane Manley, a teller at another New Bern bank, to testify that one of the defendants came into that bank on the day of the robbery and got change for a one hundred dollar bill; for this testimony was offered and received for the limited but proper purpose of showing that the defendants were in New Bern on the day of the robbery and to corroborate the testimony of Jenkins. G.S. 8C-1, N.C. Rules of Evidence 105 and 404(b). Nor did the court err in permitting the State to argue last to the jury, since his co-defendant McCloud introduced a tape recording of Jenkins' statement during his cross-examination of Jenkins. *State v. Raper*, 203 N.C. 489, 166 S.E. 314 (1932); *State v. Baker*, 34 N.C. App. 434, 238 S.E. 2d 648 (1977). The argument of the prosecutor that he now claims was prejudicial was not objected to and thus is not properly before us, Rule 10(a), N.C. Rules of Appellate Procedure, and in our opinion was neither improper nor prejudicial in either event. The testimony of Detective Warren on redirect examination that a document defendant Alston cross-examined him about was obtained from the Treasury Department during a criminal records check of him, even if error, was clearly invited. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984). And the charge of assault with a deadly weapon with intent to kill was not merged with the armed robbery charge since "intent to kill" is not an element of armed robbery. G.S. 14-87; *State v. Richardson*, 279 N.C. 621, 185 S.E. 2d 102 (1971).

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.