STATE OF NORTH CAROLINA v. CONNIE CLARK MORRIS

No. COA02-438

(Filed 4 March 2003)

**1. Larceny— by employee—identity of person giving money to employee—not required**

Indictments charging larceny by an employee were sufficient where they alleged that money was delivered to defendant for the use of her employer without alleging who delivered the money.

**2. Larceny— by employee—identity of employer—evidence sufficient**

The evidence in a prosecution for larceny by employee sufficiently identified the employer where the indictments named the employer as "AAA Gas and Appliance Company, Inc," and witnesses referred to the company as "AAA" and "AAA Gas."

**3. Larceny— by employee—sufficiency of evidence—relationship of trust**

The evidence in a prosecution for larceny by employee was sufficient to prove a trust relationship between defendant and her employer where defendant was solely responsible for depositing money received on the days she worked. The fact that her position was not managerial did not prohibit a trust relationship.

**4. Larceny— by employee—sufficiency of evidence—fraudulent intent**

The evidence in a prosecution for larceny by employee was sufficient to establish fraudulent intent where there were discrepancies in the records for monies received and deposited on fourteen separate days when defendant was working and managing the accounts.

**5. Discovery— records not in State's possession**

A defendant in a prosecution for larceny by employee was not entitled to discovery of financial records which the State did not possess. The State provided defendant with copies of the accounting and banking records it intended to offer at trial.

**6. Constitutional Law— effective assistance of counsel—denial of discovery**

A larceny by employee defendant was not denied effective assistance of counsel by the court's denial of discovery requests where defendant did not argue that time constraints impacted her defense and did not demonstrate how the denial of the records in issue would render any attorney unable to provide assistance.

Appeal by defendant from judgments entered 27 September 2001 by Judge W. Douglas Albright in Superior Court, Halifax County. Heard in the Court of Appeals 9 January 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Leonard G. Green, for the State.*

*Edward J. Harper, II; Hall & O'Donnell, L.L.P., by John B. O'Donnell, Jr., for defendant-appellant.*

McGEE, Judge.

Connie Clark Morris (defendant) was indicted on fourteen counts of larceny by employee. The evidence presented at trial tended to show the following. Defendant was an office clerk in the Littleton, North Carolina branch office of AAA Gas and Appliance Company, Inc. (employer) from December 1995 to November 1998. Defendant was responsible for receiving payments made to the employer, balancing and reconciling payment summaries, and depositing funds with the bank. The employer maintained a three-part system for recording and depositing payments received from customers. First, a

daily payment summary listed all customer payments received in cash, check, and money order each day. Second, a bank deposit slip listed each check and money order and the total cash received on that day. Third, a $150.00 base amount retained in the cash drawer was verified. On fourteen different days between 10 November 1997 and 27 March 1998, there were discrepancies between the payment summaries and the bank deposit slips totaling $4,145.19. On each of these respective days, defendant was the sole employee responsible for preparing the payment summaries and bank deposit slips, verifying the $150.00 that was retained in the cash drawer, and depositing the money in the employer's bank account.

Hal Finch (Finch), employer's general manager, testified to the manipulations of the records. He stated that on 27 March 1998, the daily payment summary showed cash receipts of $570.86 and checks of $1,466.27 and the total stated on the daily payment summary was $2,037.13. The payment summary did not list a check for $118.59 received from Cary McPherson. The bank deposit slip listed this check, but only showed cash receipts of $452.27. The amount listed on the bank deposit slip and the amount deposited in the bank totaled $2,037.13. The difference between the amount of cash actually received by employer and the amount deposited in employer's bank account was $118.59, the same amount as the check that was unlisted in the daily payment summary. Finch's testimony and business records entered into evidence demonstrated the same pattern of manipulation of the employer's records for each day defendant is charged with committing larceny by an employee.

A jury found defendant guilty on all counts. Defendant appeals.

I.

[1] Defendant first argues the indictments charging a violation of N.C. Gen. Stat. § 14-74 failed to allege an offense in conformity with the statute and thereby failed to adequately inform defendant of the actions constituting the charges against her. Defendant contends this violated her rights under the Sixth Amendment of the United States Constitution and article 1, section 23, of the North Carolina Constitution.

A criminal indictment must contain

[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commis-

sion thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2001).

> An indictment is constitutionally sufficient if it identifies the offense with enough certainty 1) to enable the accused to prepare his defense, 2) to protect him from being twice put in jeopardy for the same offense, and 3) to enable the court to know what judgment to announce in the event of conviction.

*State v. Moses*, 154 N.C. App. 332, 335, 572 S.E.2d 223, 226 (2002). "[A]n indictment charging a violation of G.S. 14-74 must allege that the property was received and held by the defendant in trust, or for the use of the owner, and that being so held, it was feloniously converted or made away with by the servant or agent." *State v. Brown*, 56 N.C. App. 228, 229, 287 S.E.2d 421, 423 (1982). In the case before us, the indictments alleged that defendant did "go away with, embezzle, and convert to her own use [a certain amount of money] IN U.S. CURRENCY which had been delivered to be kept for employer's use, with the intent to steal and to defraud her employer." The indictments sufficiently allege a delivery in trust because the indictments state that the money was delivered to defendant for the use of her employer. It is not necessary for the indictments to allege who delivered the money to defendant. *Brown* at 230, 287 S.E.2d at 423. Additionally, the indictments provided defendant sufficient notice of the charges against her to protect defendant from double jeopardy, to enable her to prepare her defense, and to inform the court of the charges. This assignment of error is without merit.

II.

[2] Defendant next argues the trial court erred in denying defendant's motion to dismiss all charges because the State presented insufficient evidence to support the offense charged in each of the indictments.

> "In ruling on a motion to dismiss, the trial court need only determine whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." Evidence is considered substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." The motion to dismiss should be denied if there is substantial

evidence supporting a finding that the offense charged was committed.

*State v. Craycraft*, 152 N.C. App. 211, 213, 567 S.E.2d 206, 208 (2002) (citations omitted).

> A defendant must be convicted, if at all, of the particular offense charged in the indictment. The State's proof must conform to the specific allegations contained in the indictment. If the evidence fails to do so, it is insufficient to convict the defendant of the crime as charged.

*State v. Wall*, 96 N.C. App. 45, 49, 384 S.E.2d 581, 583 (1989) (citations omitted). "The evidence offered by the State must be taken to be true and any contradictions and discrepancies therein must be resolved in its favor." *State v. Evans and State v. Britton and State v. Hairston*, 279 N.C. 447, 453, 183 S.E.2d 540, 544 (1971). "[A] variance between the indictment and the proof at trial does not require reversal unless the defendant is prejudiced as a result." *State v. Weaver*, 123 N.C. App. 276, 291, 473 S.E.2d 362, 371 (1996).

Defendant argues the evidence failed to identify the employer set forth in the indictments. In the indictments, the employer was identified as "AAA Gas and Appliance Company, Inc." Finch testified at trial that he was the general manager for "AAA Gas and Appliance Company." While Finch and other witnesses subsequently referred to the company as "AAA" and "AAA Gas" throughout their testimony, the trial transcript demonstrates that these names were simply shorthand methods for identifying the company during testimony. Defendant also routinely referred to her employer as "AAA Gas" throughout her own testimony. The evidence presented at trial sufficiently identified defendant's employer as the employer alleged in the indictment. Additionally, defendant has failed to demonstrate that she was prejudiced by use of the shorthand references during trial. This argument is overruled.

[3] Defendant next argues the evidence failed to prove a trust relationship existed between her and her employer. N.C.G.S. § 14-74 requires that larceny by employee be committed in violation of a trust relationship between the employee and the employer. *State v. Bullin*, 34 N.C. App. 589, 592, 239 S.E.2d 278, 280 (1977). Finch testified that defendant was an office clerk for employer and was solely responsible for depositing money received into employer's bank account on the days defendant worked. The fact that defendant's position was

not considered managerial did not prohibit a trust relationship as argued by defendant. Defendant was entrusted with receiving payments for employer, preparing and reconciling daily accounting records, and depositing the payments into the bank for employer. The evidence is sufficient to permit a reasonable mind to conclude that a trust relationship existed between defendant and her employer. The evidence presented conforms to the charges in the indictment. This argument is overruled.

**[4]** Defendant also argues the evidence failed to establish that defendant possessed fraudulent intent. The fraudulent intent required for embezzlement is defined as the intent to " 'willfully and corruptly use or misapply' " another's property for purposes other than that for which it was held. *State v. McLean*, 209 N.C. 38, 40, 182 S.E. 700, 701 (1935) (quoting *State v. Lancaster*, 202 N.C. 204, 210, 162 S.E. 367, 371 (1932)). "Such intent may be shown by direct evidence, or by evidence of facts and circumstances from which it may reasonably be inferred." *McLean*, 209 N.C. at 40, 182 S.E.2d at 702. "Intent is inferred from facts in evidence, and it is rarely shown by direct proof." *Lancaster*, 202 N.C. at 210, 162 S.E.2d at 370.

Joy Fowler, branch manager for employer, testified that defendant was solely responsible for depositing the money and keeping accounting records on the days defendant worked. The accounting records and deposit slips prepared by defendant were entered into evidence and Finch testified to the discrepancies between the monies received and deposited. The evidence demonstrated that the discrepancies occurred on fourteen separate days when defendant was working and managing the accounts. The repeated discrepancies among the daily payment summaries and the daily bank deposit slips while under defendant's control provided sufficient evidence to allow a reasonable mind to conclude that defendant intended to manipulate employer's records and convert employer's property for her improper use. The evidence of intent to defraud conforms to the charges in the indictments. This argument is overruled.

The State's evidence conformed to the indictments and there was no fatal variance between the indictments and the evidence presented. This assignment of error is without merit.

### III.

**[5]** Finally, defendant argues the cumulative effect of the trial court's denial of defendant's discovery-related requests grossly prejudiced defendant and denied her rights under the United States and North

Carolina Constitutions. Defendant contends the trial court should have permitted discovery of employer's financial records and its effect on expert testimony.

Statutes governing discovery in criminal cases must be strictly construed. *State v. Alston*, 80 N.C. App. 540, 542, 342 S.E.2d 573, 575, *cert. denied*, 317 N.C. 707, 347 S.E.2d 441 (1986); *State v. Williams*, 29 N.C. App. 319, 322, 224 S.E.2d 250, 252 (1976). N.C. Gen. Stat. § 15A-903(d) (2001) states that the State must allow the defendant to inspect records "which are within the possession, custody, or control of the State and which are material to the preparation of his defense."

In *Alston*, our Court held that the defendants were not entitled to pre-trial discovery of business records that included a bill of sale and a vehicle odometer statement. *Alston*, 80 N.C. App. at 542, 342 S.E.2d at 575. The defendants were not permitted to examine these documents because they had no right to obtain prior knowledge concerning who would testify against them at trial. *Id.* The defendants were allowed to view the documents in accordance with the statute once the trial began, because the materials were intended to be used as evidence by the State and the witness intending to testify appeared in court with the materials. *Id.*

In the case before us, the State complied with required discovery procedures and provided defendant with copies of the accounting and banking records that it intended to offer into evidence against defendant. Defendant was permitted to review this evidence in preparing her defense against the charges. Defendant requested copies of employer's bank statements and written bookkeeping procedures, but there is no evidence showing that these materials were in the possession of the State or under the State's control. There is also no evidence that the State ever intended to submit the requested materials as evidence against defendant.

Defendant cites *State v. Canady*, 355 N.C. 242, 559 S.E.2d 762 (2002), in support of her argument, but *Canady* is distinguishable from the facts before us. In *Canady*, the State possessed exculpatory evidence that linked another individual to the crime and refused to make it available to the defendant. *Id.* at 252, 559 S.E.2d at 767. The State also lost ballistics evidence before the defendant was able to examine it and called an expert to testify to the results. *Id.* at 253-54, 559 S.E.2d at 767-68. In the case before us, the State did not possess the materials requested by defendant and provided defend-

ant with copies of all evidence it intended to enter into evidence at trial. Accordingly, defendant was not entitled to discovery of the requested materials and the State did not violate defendant's due process rights.

**[6]** Defendant also argues that denial of her discovery requests resulted in the denial of defendant's right to effective assistance of counsel. "When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell,* 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984).

Defendant argues she is entitled to a presumption of prejudice because " 'the likelihood that any lawyer, even a fully competent one, could provide effective assistance' is remote" on the facts of this case. *State v. Tunstall,* 334 N.C. 320, 329, 432 S.E.2d 331, 336 (1993) (citing *United States v. Cronic,* 466 U.S. 648, 658, 659-60, 80 L. Ed. 2d 657, 667, 667-68 (1984)). In *Tunstall,* the defendant argued he had been denied effective assistance of counsel because of the brief time period his attorney had for trial preparation and the trial court's refusal to continue the case. *Tunstall* at 330-31, 432 S.E.2d at 337-38. Our Supreme Court denied the defendant's appeal and held that the defendant had failed to demonstrate how his case could have been better prepared had a continuance been granted. *Id.* at 332, 432 S.E.2d at 338-39.

In the case before us, defendant does not argue that time constraints impacted her defense and does not demonstrate how the denial of employer's bank statements and accounting procedures would render any attorney unable to provide assistance. Defendant has failed to demonstrate that her attorney's performance at trial was deficient and that she was prejudiced and deprived of a fair trial as a result. This assignment of error is without merit.

No error.

Judges HUNTER and CALABRIA concur.