STATE OF NORTH CAROLINA,
v.
DONNA BETH JONES MCNEILL.
No. COA09-925.
Court of Appeals of North Carolina.
Filed May 4, 2010.
Attorney General Roy Cooper, by Assistant Attorney General Gregory P. Roney, for the State.
McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Kirby H. Smith, III, for defendant appellant.

UNPUBLISHED OPINION
ROBERT N. HUNTER, JR., Judge.
Donna Beth Jones McNeill ("defendant") appeals from judgment dated 19 November 2008 and entered pursuant to a jury verdict finding her guilty of embezzlement. The trial court found defendant had a prior record level of II based on one prior record level point and sentenced defendant to a suspended term of eight to ten months' imprisonment. The court placed defendant on supervised probation for sixty months and ordered defendant to serve an active sentence of sixty days in jail and pay restitution costs totaling $25,828.96. Defendant filed written notice of appeal on 25 November 2009.
At trial the State's evidence tended to show that defendant worked for Archdale Office Supply, Inc., as a bookkeeper who was in charge of accounts receivable and making deposits. Defendant's job duties included filling out deposit tickets for the payments received each day, taking the deposit tickets and the corresponding currency and checks to the bank, and depositing the money in the company's account.
During a review of the company's books in June 2002, Jack M. Harris, the accountant for Archdale Office Supply, discovered the cash deposits for the company in May 2002 were approximately $3,000 short of the expected amount. Mr. Harris contacted the owner of Archdale Office Supply, Charles Fitzgerald, and together they determined the company had received approximately $25,000 in cash during the first six months of 2002. However, they discovered that during the six-month period from January 2002 to June 2002, defendant had not deposited any significant amount of cash into the company's bank account. Mr. Fitzgerald confronted defendant about the missing cash deposits on 1 July 2002. After defendant left work on 1 July 2002, Mr. Fitzgerald found a resignation letter from her in his interoffice mailbox dated 29 June 2002.
Defendant took the stand in her own defense and testified that during her employment with Archdale Office Supply she would sometimes get invoices which were marked as paid in cash, but there was no cash to go with them. She further testified that she had reported $700.00 missing and that the lock on her desk had been broken. Defendant denied taking any money from the company.
Defendant's sole argument on appeal is that the trial court erred in denying her motion to dismiss the charge against her. Defendant contends the trial court should have granted her motion to dismiss the charge of embezzlement because the State's proof of ownership at trial varied from the allegation of corporate ownership in the indictment charging her with embezzlement. Defendant contends that the evidence at trial did not show that the currency embezzled was the property of a corporation. Defendant's argument is misplaced.
It is well established that
[i]n an indictment for embezzlement it is necessary to allege ownership of the property in a person, corporation, or other legal entity able to own property. Where the property belongs to a corporation: ". . . the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation."
State v. Ellis, 33 N.C. App. 667, 669, 236 S.E.2d 299, 301 (quoting State v. Thornton, 251 N.C. 658, 662, 111 S.E.2d 901, 903 (1960)), cert. denied, 293 N.C. 255, 236 S.E.2d 708 (1977). "A variance between the evidence of ownership presented at trial and the ownership alleged in the indictment invalidates the indictment and requires that the judgment of conviction be vacated." State v. Linney, 138 N.C. App. 169, 172, 531 S.E.2d 245, 249-50, appeal and disc. review dismissed, 352 N.C. 595, 545 S.E.2d 214 (2000). However, minor corporate name discrepancies between that alleged in the indictment and the proof at trial are not fatal variances when no prejudice arises to the defendant. See, e.g., State v. Wilson, 264 N.C. 595, 142 S.E.2d 180 (1965) (finding no error when the indictment referred to the property owner as "B.M. Hancock & Son, a corporation" and evidence at trial referred to the corporation as "B.M. Hancock & Son's Feed Mill, Inc.," "B.M. Hancock & Son, Inc.," "B.M. Hancock & Son's," and "B.M. Hancock's Feed Mill"); State v. Wyatt, 254 N.C. 220, 118 S.E.2d 420 (1961) (holding no fatal variance existed where the indictment for embezzlement alleged ownership in the "Pestroy Exterminating Company," the bill of particulars laid the ownership in "Pestroy Exterminators, Inc.," and testimony at trial referred to both of these names and "Pestroy Exterminating Corporation"); State v. Davis, 253 N.C. 224, 226, 116 S.E.2d 381, 383 (1960) ("The fact that the property was stolen from T.A. Turner & Co., Inc. rather than from T.A. Turner Co., a corporation, as charged in the bill of indictment, is not a fatal variance."); and State v. Morris, 156 N.C. App. 335, 576 S.E.2d 391 (finding no error when the indictment referred to employer as "AAA Gas and Appliance Company, Inc." and evidence at trial referred to the corporation as "AAA Gas and Appliance Company," "AAA Gas," or "AAA"), cert. denied, 357 N.C. 510, 588 S.E.2d 379 (2003).
Here, the indictment charging defendant with embezzlement alleged defendant
unlawfully, willfully and feloniously did embezzle, fraudulently and knowingly misapply and convert to the defendant's own use, and take and make away with and secrete with the intent to embezzle and fraudulently misapply and convert to the defendant's own use $25,828.96 in United States currency belonging to Archdale Office Supply, Inc.
At the time the defendant was over 16 years of age and was the administrator, agent, bailee, consignee, clerk, employee, executor, guardian, officer, public officer, receiver, servant, trustee, and fiduciary of Archdale Office Supply, Inc. and in that capacity had been entrusted to receive the property described above and in that capacity the defendant had received and taken that property into the defendant's care and possession.
At trial, witnesses referred to defendant's employer and the owner of the currency as "Archdale Office Supply" and the "company." Further, the exhibits submitted into evidence by the State included deposit tickets in the name of "Archdale Office Supply, Inc.," daily money logs in the name of "Archdale Office Supply" and "Archdale Office Supply, Inc.," and defendant's resignation letter wherein she refers to the company as "Archdale Office Supply, Inc." and "AOS." Defendant has not shown any prejudice by the use of the shorthand references to the company during her trial. The evidence presented at trial sufficiently identified defendant's employer and the owner of the currency as the same employer and owner alleged in the indictment. Accordingly, we hold no fatal variance exists between the allegations of the indictment and the proof offered at trial. These assignments of error are overruled.
No error.
Judges McGEE and GEER concur.
Report per Rule 30(e).