ROBERT N. HUNTER, JR., Judge.
Lashon Antwon Western ("Defendant") appeals from a judgment accepting her written plea agreement for larceny by employee. Defendant contends the indictment was invalid where it failed to allege specifically whether the employer's property stolen was delivered to the employee for safe keeping or whether a customer delivered property to the employee. We hold the language of the indictment was sufficient. We therefore affirm the judgment of the trial court.
I. Factual and Procedural History
On 3 November 2014 a grand jury indicted Defendant for embezzlement and larceny by employee. The indictment, in pertinent part, reads as follows:
"[O]n or about the 27th day of November, 2013, up to and including the 18th day of February, 2014, in Wayne County, Lashon Antwon Western unlawfully, willfully and feloniously did, being the employee of The Pantry, Inc., doing business as Kangaroo, go away with and convert to her own use U.S. currency, having a value of $837.00, which had been delivered to be kept for her employer's use, with the intent to steal and to defraud her employer. This act was done without her employer's consent and contrary to the trust and confidence reposed in her by her employer. The defendant was over 16 years old at the time of this offense."
On 10 April 2015, Defendant appeared before the trial court for arraignment. Pursuant to a written plea agreement she pled guilty to larceny by employee. In return, the State dismissed the charges of embezzlement and possession of a controlled substance in jail. The trial court accepted the written plea agreement and Defendant agreed to the State's factual summary. The State summarized the facts of the case, in pertinent part, as follows:
[O]n February 18 of 2014, law enforcement was called to The Pantry ... 2035 U.S. Highway 70 West. Ms. Lashon Western had been-or was an employee there at the Pantry. A loss prevention officer for that organization actually went to investigate some other allegations, and when looking through the store register receipts of the computer system discovered that Ms. Western had been making false transaction[s], that she had been ringing up no sales on the cash register for items, then would take the customer money, putting it in the cash register, giving the customer the change. After the customer left she would push the no sale cash register button, open the cash drawer, and then take out the money the customer had given her and keep it.
Neither the State nor the Defendant nor the trial court raised the issue of subject matter jurisdiction at trial. Defense counsel stated at trial: "I'd ask the Appellate Defender to perfect the appeal in the matter of this case." The court appointed the Office of the Appellate Defender as appellate counsel for Defendant on 15 May 2015 and the Appellate Defender's office received notice of the appointment 26 May 2015, more than 30 days after the trial court entered its final judgment. Defendant failed to enter a written notice of appeal.
II. Jurisdiction
Defendant petitions this Court for a writ of certiorari to review the judgment of the trial court, as Defendant's right to appeal was possibly lost for Defendant's failure to enter timely written notice of appeal. The State argues under N.C. Gen.Stat. § 15A-1444(e) Defendant has no statutory right to appeal, since Defendant pled guilty to the charge pursuant to a written plea agreement. In response to Defendant's petition for a writ of certiorari, the State filed a motion to dismiss. In its motion, the State argues that Defendant does not have a right to appeal from a written plea agreement; therefore Defendant did not lose her right to appeal for failure to timely enter written notice of appeal. In the event this Court denies her petition for a writ of certiorari, Defendant filed in the alternative a Motion for Appropriate Relief.
We grant the petitioner a writ of certiorari for the limited purpose of reviewing whether the trial court had subject matter jurisdiction over the proceeding. Since we grant the writ of certiorari requested, we dismiss the Motion for Appropriate Relief as moot and deny the State's motion to dismiss.
III. Standard of Review
This Court reviews the sufficiency of an indictment de novo. State v. McKoy, 196 N.C.App. 650, 652, 675 S.E.2d 406, 409 (2009). Where an indictment is allegedly facially invalid, the indictment may be challenged at any time, even if it was uncontested in the trial court. State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d 326, 341, cert. denied, 531 U.S. 1018, 148 L.Ed.2d 498 (2000).
IV. Analysis
Article I, Section 22 of the Constitution of North Carolina requires an indictment for felony criminal jurisdiction. N.C. Const. art I, § 22. The purpose of this Constitutional requirement is fourfold:
(1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged,
(2)to protect the accused from being twice put in jeopardy for the same offense,
(3) to enable the accused to prepare for trial, and
(4) to enable the court, on conviction or plea of Nolo contendere or guilty to pronounce sentence according to the rights of the case.
State v. Stokes, 274 N.C. 409, 411, 163 S.E.2d 770, 772 (1968).
N.C. Gen.Stat. § 15A-924(a)(5) requires an indictment to contain a "plain and concise factual statement ... assert[ing] facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant ... of the conduct which is the subject of the accusation." N.C. Gen. Stat § 15A-924(a)(5) (2015). A valid indictment "must allege every essential element of the criminal offense it purports to charge." State v. Harris, 219 N.C.App. 590, 592, 724 S.E.2d 633, 636 (2012) (quoting State v. Billinger, 213 N.C.App. 249, 255, 714 S.E.2d 201, 206 (2011) ). Although a "very detailed account" is not necessary, a valid indictment must allege the "ultimate facts constituting each element of the criminal offense." State v. Rambert, 341 N.C. 173, 176, 459 S.E.2d 510, 512 (1995).
The offense of larceny by employee is a felony, for which the Constitution requires a valid indictment. N.C. Const. art. I, § 22. N.C. Gen. Stat § 14-74 defines the offense of "Larceny by servants and other employees" as follows:
If any servant or other employee, to whom any money, goods or other chattels ... by his master shall be delivered safely to be kept to the use of his master, shall withdraw himself from his master and go away with such money, goods or other chattels ... with intent to steal the same and defraud his master thereof, contrary to the trust and confidence in him reposed by his said master ... the servant so offending shall be guilty of a felony: Provided, that nothing contained in this section shall extend to ... servants within the age of 16 years....
N.C. Gen.Stat. § 14-74 (2015). In State v. Frazier, this Court delineated the elements of larceny by employee as follows:
(1) the defendant was an employee of the owner of the stolen goods; (2) the goods were entrusted to the defendant for the use of the employer; (3) the goods were taken without the permission of the employer; and (4) the defendant had the intent to steal the goods or to defraud his employer.
142 N.C.App. 207, 209, 541 S.E.2d 800, 801 (2001).
Defendant contends the trial court did not have subject matter jurisdiction, since the indictment did not allege one of the essential elements of larceny by employee. Defendant argues for a valid indictment for larceny by employee the indictment "must allege that the property was received and held by the defendant in trust, or for the use of the owner." State v. Brown, 56 N.C.App. 228, 229, 287 S.E.2d 421, 423 (1982). This requires the indictment to specifically allege the employer entrusted the goods to Defendant herself.
The State argues the language in the indictment alleges the employer delivered the property in trust for the employer's use. The State argues the inclusion of the phrase "which had been delivered to be kept" denotes the goods were delivered to Defendant for the employer's use. The State argues the indictment does not need to expressly delineate who delivered the money to Defendant. Defendant argues this case is not controlled by State v. Morris, and this Court's holding in Morris was limited to the validity of the first element of the indictment for larceny by employee. 156 N.C.App. 335, 576 S.E.2d 391 (2003). Defendant argues this Court's opinion in Morris as to the element in question here was obiter dictum and therefore not binding.
Regardless of whether the discussion in Morris is binding or not, we find the logic of Morris persuasive and adopt it. In Morris, a grand jury indicted the defendant for larceny by employee. 156 N.C.App. at 336, 576 S.E.2d at 392. The indictment read, in pertinent part: the "defendant did 'go away with, embezzle, and convert to her own use [a certain amount of money] IN U.S. CURRENCY which had been delivered to be kept for employer's use, with the intent to steal and to defraud her employer.' " Id. at 338, 576 S.E.2d at 393. This Court held the indictment "provided defendant sufficient notice of the charges against her to protect defendant from double jeopardy, to enable her to prepare her defense, and to inform the court of the charges." Id., 576 S.E.2d at 394.
Here, as to element one of larceny by employee, the indictment clearly alleges Defendant was an employee of The Pantry. As to element three, the indictment alleges Defendant took the goods without the employer's permission. As to element four, the indictment alleges Defendant had the requisite intent.
Regarding element two, the indictment alleged "[Defendant] ... did ... go away with and convert to her own use U.S. currency ... which had been delivered to be kept for her employer's use." The indictment here is similar to the indictment in Morris, specifically regarding usage of the phrase "which had been delivered to be kept." This language constitutes a plain and concise statement of fact which supports the second element of larceny by employee. It alleges the ultimate facts regarding element two.
The indictment asserted facts supporting each element of the offense with sufficient precision to apprise Defendant of the conduct constituting the accusation. While a very detailed account is not necessary, the indictment alleged the ultimate facts about Defendant's conduct supporting each element of the offense. We hold the indictment was sufficient to confer subject matter jurisdiction on the trial court.
V. Conclusion
For the foregoing reasons, we hold the indictment was sufficient to confer subject matter jurisdiction on the trial court. We affirm the judgment of the trial court.
AFFIRMED.
Chief Judge McGEE and Judge DILLON concur.
Report per Rule 30(e).